GOTHARD, Judge.
Fredrick T. Riley was found guilty of first degree robbery, in violation of LSA-R.S. 14:64.1. He was adjudicated a second offender on the basis of a prior conviction of possession of stolen things and was sentenced to twenty-five years at hard labor without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant appeals, raising as errors excessiveness of the sentence and any and all errors patent on the face of the record.
On June 14, 1988 at approximately 11:30 p.m., the defendant and a male companion entered a convenience store in Gretna, Louisiana. The defendant selected some candy and approached the register followed by his companion. After allowing the other customers to proceed ahead of him the defendant informed a cashier, Tom Famm, that this was a “hold up”. While his companion, who had his hand inside of his shirt, watched the cashier, the defendant walked around the counter and forced him to open the register. After removing $50, the defendant approached the other cash *1078 ier, Ruth Baxley, and instructed her to open the safe. When she was unable to open the safe the defendant shoved her down and kicked her. The defendant then picked up $10 from her desk and ordered her to open a second register. After discovering that the second register did not contain any money the defendant ordered both cashiers to lie on the floor. Subsequently, the defendant herded the cashiers into the back room of the store and closed the door. The defendant and his companion then exited the store and departed in a car parked across the street. A man seated in his vehicle in that lot saw the two men run from Time-Saver, followed the car until he lost it, and then returned to Time-Saver and gave a detailed description to the police. The car was spotted and stopped. Ms. Baxley was taken to the scene and positively identified the defendant as the man who had robbed her. He was alone in the car and apparently his companion was not found. No money or weapon was recovered from the defendant.

Excessiveness of Sentence

A succinct summary of the law regarding excessive punishment appears in State v. Sweeney, 443 So.2d 522 (La.1983), at 531:
La. Const, art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge’s wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). The penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
The defendant complains that twenty-five years at hard labor is clearly excessive for conviction of a “garden variety” first degree robbery, when the predicate conviction on the multiple bill was for receiving stolen things.
The trial judge ordered a pre-sentence investigation of the defendant prior to the sentencing hearing on April 11, 1990. Before pronouncing the sentence he enunciated the guidelines of La.C.Cr.P. art. 894.1 as related to this particular case, as follows:
I’ve considered the presentence investigative report dated March 9th, 1990.
I’ve also considered the sentence guidelines set forth in Article 894.1 of the Code of Criminal Procedures [sic]. I’ve considered whether the defendant is in need of correctional treatment or a custodial environment, and I do find that to be the case.
I considered whether the defendant’s criminal conduct caused or threatened serious harm, and I find that both were done.
I considered whether there was any substantial grounds to excuse or justify his conduct, and I do not find that to be the case.
I considered whether the victim facilitated in the commission of the crime, and I do not find that to be the case.
I considered whether there was any history of prior delinquency and criminal activity, and I do find that to be the case, namely, the plea of guilty or conviction from Orleans Parish in Case Number 313246 on April 9th, 1986, thereby making this a second felony conviction.
I considered whether imprisonment of this defendant would entail excessive hardship to himself or his dependents, and I do find him to have three minor dependents, and it would be a hardship on himself and those dependents.
I considered as mitigating circumstances his three dependent children; the fact that he completed the 11th grade; the fact that he had no juvenile record.
I considered as aggravating the circumstances the nature of the offense; the fact that not only did he steal money and threaten the victim in the case, but he shoved around a female victim in the case.
*1079 I considered as aggravating that he threatened harm; that it’s a second felony conviction; that he was previously on supervised probation; so, he had a contact with the Criminal Justice System, and it did not stop him from committing this crime. Also, the fact that he had been unemployed since 1987.
We find that this sentence is not excessive and not an abuse of the trial court’s discretion. The defendant was charged with armed robbery; however, the jury returned the lesser responsive verdict of first degree robbery. The defendant had previously been convicted of a felony, thereby demonstrating his propensity for felonious behavior and as a second felony offender the defendant could have received a maximum sentence of eighty years. Accordingly, the assignment of error, excessiveness of sentence, has no merit.

Errors Patent Review

La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
This court explained in State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), at 178:
For the purpose of an error patent review the record in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5th Cir.1989). [Writ denied, 548 So.2d 1245 (La.1989).]
When a multiple offender bill of information is filed, LSA-R.S. 15:529.1(D) provides that the trial court shall order the defendant to appear before it and “shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.” LSA-R.S. 15:529.1 also implicitly requires that the court advise the defendant of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1st Cir.1984) and 471 So.2d 1041 (La.App. 1st Cir.1985); State v. Gilbert, 520 So.2d 1184 (La.App. 5th Cir.1988), appeal after remand, 535 So.2d 1313 (La.App. 5th Cir.1988).
The minute entry of March 14, 1990 indicates that on that date the court denied the motion for new trial and arraigned the defendant on the multiple bill; a transcript of the proceedings is, apparently, not available. Immediately before sentencing, the court held a multiple bill hearing to prove that there was a prior felony and that the defendant is the same person who was convicted of the prior felony, in accordance with LSA-R.S. 15:529.1. The transcript fails to reflect whether or not the defendant was advised of his right to remain silent regarding the prior conviction; however, as he exercised the right by not testifying, he has suffered no adverse effects to his substantial rights. State v. McDonald, 562 So.2d 25 (La.App. 5th Cir.1990).
The multiple bill inquiry included testimony of the Deputy Minute Clerk of the Criminal Division of the 24th Judicial District, who identified Riley as the defendant convicted of armed robbery on December 13, 1989. A latent print examiner from the Jefferson Parish Sheriff's Office fingerprinted Riley in court and testified that those prints, prints taken in an earlier court proceeding in the 24th Judicial District, and the prints contained in a criminal record for Orleans Parish were all made by one and the same person, namely Riley. The evidence presented satisfies the requirement of LSA-R.S. 15:529.1 and State v. Chaney, 423 So.2d 1092 (La.1982). Where, as in this ease, the prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he *1080 knowingly waived those rights prior to his plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987), appeal after remand, 537 So.2d 848 (La.App. 5th Cir.1989). The State introduced a waiver of rights form signed by the defendant, his attorney, and the trial judge, which evidence is sufficient to show that the defendant knowingly and intelligently waived his constitutional rights on the prior occasion. State v. Tucker, 405 So.2d 506 (La.1981).
As our review of the record reveals no patent errors and we have found that the sentence is not excessive under the circumstances of this case, the conviction and sentence appealed from are affirmed.
AFFIRMED.