709 So.2d 921 (1998)
STATE of Louisiana
v.
Kirk M. BELL a/k/a Kirk Bell.
No. 97-KA-1134.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1998.
*922 Paul D. Connick, Terry M. Boudreaux, Thomas J. Butler, Vincent Paciera, Jr., District Attorney's Office, Parish of Jefferson, Gretna, for Plaintiff/Appellee State of Louisiana.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant Kirk M. Bell.
Before BOWES, WICKER and GOTHARD, JJ.
BOWES, Judge.
The defendant, Kirk M. Bell, was convicted of possession with intent to distribute cocaine, a violation of La. R.S. 40:967 A, and he was sentenced to 15 years at hard labor with credit for time served. Pursuant to a multiple bill filed by the state, the defendant was adjudicated a third felony offender. The trial court vacated the original 15 year sentence and imposed an enhanced sentence of life imprisonment without parole, probation, or suspension of sentence. Defendant now appeals. We affirm the defendant's conviction and sentence.

FACTS
The following facts were developed from trial testimony.
Detective Antonio Frere of the Jefferson Parish Sheriff's Office testified that on September 12, 1996 at approximately 9:40 p.m. he was working with his partner Det. Myron Gaudet. The detectives were patrolling, in an unmarked car, what they described as the "high crime area" of Bunche Village off of Airline and Jefferson Highways in Jefferson Parish.
When the officers turned the corner onto Calhoun Street, a location known to them for street level narcotic activity, they saw two men flagging down a pickup truck. As they drove closer, they saw a third man approach the passenger side of the truck. The two men were having a conversation with the occupants of the truck through the driver's side window. The third man, the defendant, was leaning in the passenger window. As the officers got closer one of the two men leaning in the driver's window saw the officers.
*923 Detective Gaudet turned on the blue flashing lights on the unmarked car. The two men walked off towards the west, the truck drove off, and the defendant walked off towards an alleyway. Detective Frere watched the defendant walk away and saw the defendant throw a brown object with a white lid onto the street. Detective Frere ordered the defendant to stop and he kept on walking. Detective Frere then commanded the defendant, "Police, Stop. Come here." The defendant came towards the detective, at which time the detective advised the defendant that he was being detained for further investigation and handcuffed him.
The detective then went and seized the object the defendant had thrown which was a plastic pill bottle containing 15 off-white rocklike objects wrapped in plastic. The rocklike substance was later identified as crack cocaine.
On appeal, the defendant raises four assignments of error.
1. He alleges that the trial court erred in denying the motion to suppress evidence.
2. Second he argues that the evidence presented at trial was insufficient to support a verdict of guilty.
3. Third, he argues that the trial court erred in finding him to be a third felony offender.
4. Last, he alleges that the mandatory minimum sentence of life imprisonment imposed is constitutionally excessive under the facts of his case.
In addition, we will conduct a review for errors patent on the face of the record.

I.

MOTION TO SUPPRESS
In his first assignment of error, the defendant argues that the trial court erred by failing to grant his motion to suppress the evidence, which he argues was obtained after an illegal arrest.
In determining whether the ruling on a defendant's motion to suppress is correct, an appellate court on review is not limited to the evidence adduced at the hearing on the motion, but may also consider pertinent evidence given at the trial. State v. Byes, 94-611 (La.App. 5 Cir. 12/28/94), 648 So.2d 1073.
The defendant argues that trial court erred in denying the motion to suppress because the evidence was abandoned in response to a detention which was not justified by reasonable cause.
La. Const. Art. 1, Sec. 5 provides in part:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search.
The Louisiana Supreme Court has held that the police may not make a warrantless arrest of a citizen without probable cause that the citizen has engaged in criminal conduct and, furthermore, that evidence recovered as a result of an unconstitutional search or seizure will not be admissible. State v. Tucker, 626 So.2d 707 (La.1993). If evidence is abandoned by a citizen and then recovered by the police as a direct result of an unconstitutional seizure, that evidence may not be used in a resulting prosecution against the citizen. State v. Tucker, supra.
It is different, however, if a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen's right to be free from governmental interference. In this situation, such property may be lawfully seized and used against the citizen in a resulting prosecution. In this latter case, there is no expectation of privacy and, thus, no violation of a person's custodial rights. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Tucker, supra.
An individual is "seized" when the individual is actually stopped or when there is an "imminent actual stop." State v. Belton, and State v. Tucker, supra. An "actual stop" occurs only when an individual submits *924 to a police show of authority or is physically contacted by police. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). An "actual imminent stop" occurs when an "actual stop" is "virtually certain" to result from the police encounter. State v. Tucker, supra at 713. Furthermore,
In determining whether an `actual stop' of an individual is `imminent,' we find that the focus must be on the degree of certainty that the individual will be `actually stopped' as a result of the police encounter. This degree of certainty may be ascertained by examining the extent of police force employed in attempting the stop. It is only when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain, that an `actual stop' of the individual is `imminent.' Although non-exhaustive, the following factors may be useful in assessing the extent of police force employed and determining whether that force was virtually certain to result in an `actual stop' of the individual: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter.
State v. Tucker, supra, at 712-713.
In the instant case the defendant threw down the cocaine before he had been either physically or verbally contacted by Det. Frere. Also, we are cognizant of the fact that the defendant was aware of the police vehicle which had the blue lights flashing at the time he threw down the cocaine. This court in State v. Williams, 94-167 (La. App. 5 Cir. 7/26/94), 641 So.2d 647, held that the presence of an unmarked car which sped up when the defendant was seen to drop contraband was not an indication of an imminent stop. "While the very presence of a police car driving parallel to a running pedestrian could be somewhat intimidating, this kind of police presence does not, standing alone, constitute a seizure." Williams, supra at page 649, citing Michigan v. Chesternut, 486 U.S. 567, 574 108 S.Ct. 1975, 1980, 100 L.Ed.2d 565 (1988). See also State v. Thomas, 94-42 (La.App. 5 Cir. 5/31/94), 638 So.2d 440, writ denied, 94-1695 (La.11/17/95), 663 So.2d 718; State v. Vinet, 576 So.2d 1200 (La.App. 5 Cir.1991).
In this case, the defendant abandoned the cocaine prior to any unlawful intrusion into his right to freedom from government interference. Accordingly, we find that there was a legal seizure of the cocaine, and the trial court properly denied the defendant's motion to suppress the evidence.

II.

SUFFICIENCY OF EVIDENCE
In his second allegation of error, defendant alleges that the evidence presented at trial was insufficient to convict the defendant of possession of cocaine with the intent to distribute.
The standard for reviewing the sufficiency of evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and adopted by Louisiana in State v. Abercrombie, 375 So.2d 1170, 1177-1178 (La.1979), cert. denied, Abercrombie v. Louisiana, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). See also State v. Mussall, 523 So.2d 1305 (La.1988).
In Jackson the court held that due process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. Under Jackson a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.
A reviewing court is required to consider the whole record, and determine whether *925 a rational trier of fact would have found guilt beyond a reasonable doubt. The actual trier of fact is presumed to have acted rationally until it appears otherwise. State v. Mussall, 523 So.2d 1305 (La.1988).
It is the role of the fact finder to weigh the respective credibility of the witnesses; accordingly, a reviewing court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
In this case, the defendant was charged with possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(A) which provides in pertinent part:
It shall be unlawful for any person knowingly or intentionally:
1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
The crime of possession with intent to distribute cocaine requires proof that the defendant knowingly and intentionally possessed the drug, and that he did so with the specific intent to distribute it. La. R.S. 40:967(A); State v. Lassere, 95-1009 (La. App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
The defendant argues that the evidence was insufficient because the officers could have been mistaken about what they had seen. However, Detective Frere testified that he observed the defendant discard the cocaine. He also testified that the time was dusk, before full dark. Furthermore, the defense did not offer any evidence to the contrary. Accordingly, we find that a rational trier of fact, accepting Detective Frere as credible, could have found that the defendant was, in fact, the man who threw down the cocaine.
Therefore, we find no merit to defendant's allegation that the evidence at trial was insufficient to support the verdict of guilty of possession with intent to distribute.

III.

ADJUDICATION AS A THIRD FELONY OFFENDER
In his third allegation of error, the defendant challenges the trial court ruling finding him to be a third felony habitual offender. The defendant argues two theories:
1. That the trial court erred in finding the defendant to be a third felony offender because Boykin transcripts were missing from the exhibits relating to the prior convictions; and
2. That the defendant's matching fingerprints were found on arrest records rather than conviction papers.
The record reflects that on June 16, 1997, the state filed a bill of information alleging the defendant to be a fourth felony offender in violation of 15:529.1 et. seq, and the defendant pled not guilty. The defendant did not file a written response challenging the validity of his prior conviction on the basis of his prior pleas of guilty.
At the multiple bill hearing, the state introduced into evidence the bill of information, fingerprint records, sentencing form, and the waiver of rights form for each of the three predicate offenses alleged by the state. In this appeal, defendant alleges that the evidence at trial was insufficient to show the defendant to be a third felony offender because the state did not offer "Boykin" transcripts into evidence.
We note that the defendant did not file a written response to the bill of information prior to the multiple offender hearing as required by La. 15:529.1(D)(1)(b).[1] In addition, *926 the defendant did not offer an objection to the lack of Boykin transcripts at the multiple offender hearing. In State v. Windham, 630 So.2d 688, 688 (La.1993), the court stated that:
In the absence of a contemporaneous objection at the multiple offender hearing, the defendant otherwise may not complain for the first time on review that the records of his guilty peals introduced by the state at the multiple offender hearing did not reflect compliance with this court's Boykin rules.
In this case, the defendant did not object to the absence of the Boykin transcripts at the multiple offender hearing. Accordingly, he may not now raise this issue on appeal.
In addition, we note that the state did offer into evidence waiver of rights forms signed by the defendant, his attorney, and the trial judge. This Court previously has held that such evidence is sufficient to show that the defendant knowingly and intelligently waived his constitutional rights on the prior occasion. See, State v. Riley, 581 So.2d 1077 (La.App. 5 Cir.1991).
The defendant objected further argues that the fingerprint evidence was insufficient because the fingerprints were placed on arrest cards rather than on the conviction records. However, this Court has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Joseph, 96-187 (La.App. 5 Cir. 11/14/96), 685 So.2d 237, writ granted in part on other grounds, 96-2998 (La.5/9/97), 693 So.2d 782.
The defendant finally argues that the trial court erred by admitting the arrest cards into evidence because there was no proper showing that the documents fell into the exception to the business records hearsay rule. However, defense counsel made no hearsay objection during the proceedings and, therefore, pursuant to La.C.Cr.P. art. 841, he has waived his right to argue this error on appeal. State v. Styles, 96-897 (La. App. 5 Cir. 3/25/97), 692 So.2d 1222, writ denied, 97-1069 (La.1997), 703 So.2d 609. Accordingly, we hold that this assignment is without merit.

IV.

EXCESSIVE SENTENCE
The defendant argues that his sentence of life imprisonment is unconstitutionally excessive.
The defendant was originally sentenced to serve 15 years out of a 30 year maximum sentence for the distribution of cocaine. See La. R.S. 40:967(B)(1). However, upon adjudicating the defendant to be a multiple offender, the trial court vacated the 15 year sentence and sentenced the defendant to life imprisonment, without benefit of probation, or suspension of sentence.[2]
La. R.S. 15:529.1 sets forth sentencing requirements for multiple offenders. For a third felony offender, La. R.S. 15:529.1(A)(1)(b)(ii) provides:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
[Emphasis supplied].
*927 Defendant was convicted of a violation of La. R.S. 40:967(A), which is punishable by a term of imprisonment at hard labor for not less than five years, nor more than 30 years. In addition, one of the predicate felonies used to adjudicate the defendant a multiple offender was a conviction for armed robbery, which is considered a crime of violence.[3] Accordingly, the trial court was required to sentence the defendant to life imprisonment without benefit of parole, probation, or suspension of sentence. La. R.S. art. 15:529.1(A)(1)(c)(ii).
The defendant argues, however, that his sentence is constitutionally excessive, relying upon State v. Dorthey, 623 So.2d 1276 (La.1993). In State v. Dorthey, the Louisiana Supreme Court held that
If, [in sentencing the defendant] the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no `measurable contribution to acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering' and is `grossly out of proportion to the severity of the crime,' he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
At the sentencing hearing, defendant only requested a lesser sentence than the mandatory life sentence, and did not specify what he alleged were mitigating factors. On appeal, the defendant argues that the sentence was constitutionally excessive because of his youth and the fact that he was unarmed when committing the instant offense.
In State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, our brethren observed that:
One of the basic principles universally applied by courts in testing constitutionality is the presumption of constitutionality. In the application of this principle a trial court considering whether the minimum sentence prescribed by the legislature for the particular crime committed by a defendant would be unconstitutional if applied to a particular defendant may do so only if there is substantial evidence to rebut the presumption of constitutionality. The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant.
In the case before us, defendant has not presented sufficient evidence to rebut the presumption of constitutionality of the sentence imposed. Accordingly, we are in agreement with the decision of the trial court that the statutory minimum sentence of life imprisonment was mandated and proper in this case.

ERROR PATENT REVIEW
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983). The review reveals no errors patent in this case.
AFFIRMED.
NOTES
[1] La. R.S. art. 15:529.1(D)(1)(b) provides:

(b) Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
[Emphasis added].
[2] The defendant objected to the imposition of a life sentence in this case at the time of sentencing. In addition, the defendant properly preserved this issue for review on appeal by filing a motion to reconsider sentence.
[3] La. R.S. 14:2(13)(w).