729 So.2d 38 (1999)
STATE of Louisiana
v.
Peter POST.
No. 98-KA-869.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
*39 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Ellen S. Fantaci, John J. Molaison, Quentin P. Kelly, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Laurie A. White, New Orleans, Louisiana, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Peter R. Post appeals the conviction and sentence imposed by the trial court for committing armed robbery in violation of LSA-R.S. 14:64. The conviction of the defendant was without error and is hereby affirmed. The method by which the trial court imposed sentence was erroneous, therefore it is the opinion of this Court that the sentence be vacated and the case remanded to the trial court for re-sentencing.
On December 26, 1996, defendant Peter R. Post was charged with armed robbery in violation of LSA-R.S. 14:64. The defendant was arraigned on January 22, 1997 and pled not guilty.
On March 12, 1997, a twelve person jury was selected and empaneled. On March 13, 1997, before the trial commenced, defendant filed a motion for a continuance and a motion to represent himself pro se. The trial court denied the motion for a continuance, but allowed the defendant to proceed pro se. After a trial on the merits, the jury returned a unanimous verdict of guilty as charged.
On March 19, 1997, the State filed a multiple offender bill of information alleging that the defendant was a third felony offender. Defendant denied the allegations set forth in the multiple bill. On April 17, 1997, the trial court sentenced the defendant to ten (10) years at hard labor without benefit of probation, parol or suspension of sentence. On September 3, 1997, after a hearing on the multiple offender bill of information, the trial court found the defendant to be a third felony offender, vacated the previous sentence, and sentenced defendant to life imprisonment without benefit of probation, parol, or suspension of sentence.
*40 On September 3, 1997, defendant filed a motion to reconsider sentence which was granted by the trial court. The trial court determined that the predicate offenses listed in the multiple offender bill of information, and upon which defendant was found a third felony offender, were not in the proper sequence in order to comply with the multiple bill statute. Thereafter, the trial court vacated the previously imposed sentence and sentenced defendant as a second felony offender to fifty (50) years at hard labor without benefit of probation, parol, or suspension of sentence.
A Motion for Appeal was filed by the defendant and granted by the trial court on May 12, 1998. The case is now before this Court for review.
The facts and circumstances of this case took place on Thanksgiving day, November 28, 1996. A robbery was committed at Clearview Supermarket in Metairie and reported by William Arguello, the night assistant manager. Mr. Arguello testified that on the date in question, he was working with cashier Odette Madere, when at approximately 2:30 p.m., he heard someone enter the store. Mr. Arguello turned around and saw a man with a bandanna around his face and a knife in his hand. The man headed towards the register and told Mr. Arguello to "give him the money." Mr. Arguello unsuccessfully tried to lure the man away from the register, but the man went back towards the register and told Ms. Madere to give him the money. Ms. Madere opened the register, the man took the money out of the register, jumped over the counter and headed for the door. Mr. Arguello testified that as the perpetrator grabbed the money, the bandanna he was wearing fell off of his face, and Mr. Arguello got a good look at him. Mr. Arguello described the perpetrator as a white male, with dark hair, approximately 23 years old, wearing black clothing, approximately 5'11", 130 pounds. At trial, Mr. Arguello positively identified the defendant as the perpetrator. He followed the defendant out of the store and chased him for about four blocks, when the defendant turned a corner and disappeared. After Mr. Arguello turned the corner he saw a gentleman (Hermgenes Rodriguez) working on his car. He asked Mr. Rodriguez if he had seen anything and Mr. Rodriguez told him he saw somebody get in a car and "take off." Mr. Arguello testified that approximately 45 minutes later Deputy Donald Behler took him to the Candlelight Inn on Airline Highway where they presented two men for him to identify. Mr. Arguello positively identified the defendant as the perpetrator of the crime. Deputy Behler testified that when he picked up Mr. Arguello he told him he had "two subjects he wanted him to look at." Deputy Behler told the jury that he did not imply to Mr. Arguello that he had a "robber in custody," and he did not imply to Mr. Arguello that he should make an identification, or make any suggestions of any kind. Mr. Arguello also positively identified State Exhibits 1-3, respectively, as the bandanna the defendant was wearing, the knife the defendant was carrying, and the jacket the defendant was wearing. Ms. Madere corroborated Mr. Arguello's testimony and gave a positive in-court identification of the defendant.
Deputy Christopher Gai of the Jefferson Parish Sheriff's Office told the jury that he was on patrol on November 28, 1996. He testified that on that date he was dispatched to the Clearview Supermarket to investigate an armed robbery. He told the jury that in connection with the robbery he interviewed Mr. Rodriguez who told him he saw a white male, wearing a black jacket with a blue bandana, run and get into a car with another white male. Mr. Rodriguez told Deputy Gai that the car was a late model Cutlass with the license plate CDO-595. Mr. Rodriguez told Deputy Gai that he was not positive about the "CDO" but that he was positive that the last numbers of the license plate were 595. Deputy Gai told the jury that, as he was on patrol later that evening, he saw a late model brown two door Monte Carlo occupied by two males. He followed the car and observed the license plate to be EDQ-595. Deputy Gai turned on his police lights and pulled the car over. Deputy Gai told the jury that, when he pulled the car over, its occupants got out and started walking towards his vehicle. Deputy Gai pulled his weapon for his safety, and secured the two men in the back of his car.
*41 Meanwhile, Deputy Donald Behler, who had taken Mr. Arguello's statement, arrived on the scene with Mr. Arguello. After Mr. Arguello positively identified the defendant as the perpetrator of the robbery, Deputy Gai arrested the defendant and then searched the car. Pursuant to the search Deputy Gai recovered a black knife, a blue bandanna, a black jacket and $610.11 in cash.
The defendant offered no witnesses or testimony on his own behalf, and based on the foregoing, the jury found the defendant guilty as charged.

ANALYSIS
Defendant alleges three assignments of error in his appeal. The first is that the trial court erroneously permitted him to proceed to trial in proper person and relinquish his right to counsel. The second assignment of error is that the trial court erred in failing to rule on defense counsel's pretrial motions to suppress the evidence and identification. The third assignment of error is that defendant was erroneously adjudged a multiple offender for purposes of LSA-R.S. 15:529.1. Furthermore, the record was reviewed for errors patent. The first and second assignments of error are without merit, therefore the defendant's conviction is affirmed. The third assignment of error is valid, therefore the sentence must be vacated and the case remanded to the trial court for re-sentencing. There is one error patent in the record which can be corrected by the trial court on remand.

ASSIGNMENT OF ERROR 1
Defendant argues that the trial court erred by allowing him to represent himself at trial. The defendant alleges that his waiver to right of counsel was not made "with his eyes open." The State disagrees, arguing that the defendant's waiver of counsel, while perhaps unwise, was knowing and intelligent.
The Sixth Amendment to the United States Constitution gives the defendant in a criminal prosecution the right to represent himself. Because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Carpenter, 390 So.2d 1296 (La. 1980); State v. Bond, 94-509 (La.App. 5th Cir. 1/31/95), 650 So.2d 354, 356. Although no minimum requirements have been established for judging the sufficiency of a waiver of counsel, there must be a reasonable inquiry to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Bond, supra. The Louisiana Supreme Court discussed elements of a reasonable waiver in State v. Strain, 585 So.2d 540 (La. 1991):
The judge, in accepting a waiver of counsel at trial, should advise the accused of the nature of the charges and the penalty range, should inquire into the accused's age, education and mental condition, and should determine according to the totality of the circumstances whether the accused understands the significance of the waiver. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). While the judge need not inquire into each and every factor stated in the Von Moltke plurality opinion in order to establish a valid waiver of the right to counsel at trial, there must be a sufficient inquiry (preferably by an interchange with the accused that elicits more than "yes" and "no" responses) to establish on the record a knowing and intelligent waiver under the overall circumstances. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case.
The record must also show that a defendant waived his right "with eyes open" and with an awareness of the danger of self-representation. State v. Bond, supra; State v. Guccione, 96-1049 (La.App. 5th Cir. 4/29/97), 694 So.2d 1060, 1065; writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
The record in the instant case reflects that the defendant was represented by counsel through the point of jury selection. However, on the morning of trial the defendant filed a written motion for a stay, a continuance and to represent himself pro se. The *42 trial court recognized that self-representation was not the best decision for the defendant, several times ascertaining the defendant's intentions. This Court was faced with a similar situation in State v. Guccione, supra. In ruling on the matter, this Court agreed with the Second Circuit's holding in State v. Kennon, 588 So.2d 1348 (La.App. 2nd Cir. 1991); writ denied, 600 So.2d 634 (La. 1992), which held:
It is clear throughout this state's jurisprudence that the adequacy of a defendant's self-representation and legal competence are not determinative of a valid waiver of counsel. The federal and state constitutions guarantee the right to self-representation, but make no qualifications or requirements concerning an accused's legal ability.
It appears from the record that the trial court questioned the defendant in regard to his education, age and mental condition, and informed the defendant of the serious nature of the charges against him. Moreover, the court several times made the defendant aware of the "dangers and disadvantages of self-representation." Defendant indicated that he was familiar enough with the Code of Criminal Procedure to represent himself. However, he also indicated that he did not know anything about the Code of Evidence. Further, although he was offered several opportunities to decline his own representation, the defendant continued in his desire to proceed pro se. Finally, a review of the transcript reveals, even absent knowledge of the Code of Evidence, that defendant competently cross-examined the State's witnesses, filed motions on his behalf, and appeared familiar with trial procedure. In addition, the trial court appointed counsel, and counsel was present to assist the defendant procedurally.
Defendant argues, however, that the waiver was not voluntary because the trial court refused to permit the defendant to withdraw his motion to proceed pro se. The record reflects that the defendant wished to withdraw his motion to represent himself because the trial court would not grant a continuance. Defendant was made aware previously that a continuance would not be granted and indicated his desire to represent himself regardless. It is the opinion of this Court that the defendant's waiver was knowing and voluntary, therefore this assignment of error is without merit.

ASSIGNMENT OF ERROR 2
Defendant argues that the trial court erred by failing to rule upon his motions to suppress the evidence and identification. The record reflects that on January 22, 1997, defense counsel filed an omnibus motion including a motion to suppress confession, identification, and physical evidence. There is no evidence that a hearing was held upon a motion to suppress. However, on the date of trial, defense counsel stipulated, and the trial court noted that all defense motions were satisfied. Defendant did not object to the motion being outstanding. This Court has previously held that a defendant waives all pending motions "by permitting trial to proceed without raising the issues that said motions were not heard nor ruled upon." State v. Price, 96-680 (La.App. 5th Cir. 2/25/97), 690 So.2d 191. See also, State v. Scamardo, 97-197 (La.App. 5th Cir. 2/11/98), 708 So.2d 1126; writ denied, 98-0672 (La. 7/2/98), 724 So.2d 204.
Furthermore, this Court held in State v. Alberto, 95-540 (La.App. 5th Cir. 11/28/95), 665 So.2d 614; writs denied, 669 So.2d 1222 (La. 1996), 670 So.2d 1237 (La. 1996), that the failure of a record to contain a ruling on a motion to suppress prior to trial did not constitute reversible error or was harmless when the question raised in the motion to suppress was "properly disposed of at trial." In Alberto, the Court found failure to rule upon a motion to suppress an identification prior to trial was harmless error where the victim in the case made an independent in-court identification of defendant and all the issues of identification were fully litigated. Alberto, at 619-620.
In the instant case, both Mr. Arguello and Ms. Madere made positive in-court identifications of the defendant. Furthermore, Mr. Arguello and Deputy Behler testified that the identification procedure was not suggestive. The defendant had the opportunity to cross-examine both witnesses regarding the identification. The issue of the identification *43 was fully litigated at trial, and accordingly, the trial court's failure to rule upon the motion to suppress identification prior to trial was harmless.
Defendant also argues that the trial court erred by failing to rule, prior to trial, upon his motion to suppress the evidence. Again, defendant did not object to the trial court's failure to rule, and thus waived this motion. State v. Price, supra. Further, it was revealed at trial that the evidence to which the defendant refers was seized after the defendant was placed under arrest. Deputy Gai testified at trial that after receiving information that the suspects of the armed robbery escaped in a car with the license plate bearing the last three numbers "595" he saw a car matching the description given by a witness with the license plate "EDQ-595." Deputy Gai pulled the car over, and after an identification by the victim of the crime, arrested the defendants and searched the car. Accordingly, the search of the car was made incident to an arrest. A search incident to a lawful arrest is an exception to the warrant requirement. Accordingly, evidence seized pursuant to such a search is not required to be suppressed. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5th Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La.1985). The issue of whether Deputy Gai had probable cause to arrest the defendant was fully litigated at trial. Accordingly, any error the trial court may have made in failing to rule upon defendant's motion prior to trial was harmless. State v. Alberto, supra. It is the opinion of this Court that any error which may have been committed was harmless, therefore this assignment of error is also without merit.

ASSIGNMENT OF ERROR 3
Defendant argues that the trial court's determination that he was a second felony offender was defective because the trial court failed to specify which predicate offense was relied upon. The State concedes this issue.
The record reflects that the trial court failed to specify which predicate conviction was relied upon. The multiple offender bill of information originally charged the defendant as a third felony offender on the basis of his instant (underlying) conviction and two predicate convictions. The first was a November 8, 1995 conviction in Case No.95-0310 commission of which occurred on September 17, 1993 and the second was a June 28, 1994 conviction in Case No. 94-431 commission of which occurred on November 27, 1993.
The defendant was correct in his assertion that the predicate offenses in the multiple bill did not "link up" for purposes of LSA-R.S. 15:529.1. The scheme of R.S. 15:529.1(B) which governs determination of the offender's multiple status (second, third or fourth offender) entails enhancing the sentence for the commission of a given felony if the commission follows the conviction of an earlier felony which caused him to be an offender of a lesser status. State v. Simmons, 422 So.2d 138 (La. 1982). The commission of the second predicate offense in the instant case occurred before conviction for the first predicate offense, accordingly both could not be used to enhance sentence for the underlying offense. The State and the court correctly recognized this fact, and the trial court vacated the previous sentence, finding the defendant to be a second felony offender. However, the trial judge did not specify upon which of the predicate felonies he was relying, and the State did not amend the multiple bill to specify which of the two counts was being considered for enhanced sentence. The sentence imposed pursuant to LSA-R.S. 15:529.1 must be vacated and remanded to the trial court for re-sentencing. See State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95), 656 So.2d 1070.
Defendant also alleges that the multiple offender adjudication was defective because the evidence was insufficient to show that the defendant had been fully informed of his Boykin rights regarding his plea to the predicate simple burglary offense. It is of note initially that defendant did not file a written response to the bill of information prior to the multiple offender hearing as required by La. 15:529.1(D)(1)(b). In addition, *44 defendant did not offer an objection to the lack of Boykin transcripts at the multiple offender hearing. Accordingly, he may not now raise this issue on appeal. State v. Bell, 97-1134 (La.App. 5th Cir. 2/25/98), 709 So.2d 921; writ denied, 98-0792 (La. 9/16/98), 721 So.2d 477, citing State v. Windham, 630 So.2d 688, 688 (La. 1993).[1]
In addition, as regards the conviction for case number 94-431, the State did offer into evidence waiver of rights forms signed by the defendant and the trial judge. This Court previously has held that such evidence is sufficient to show that the defendant knowingly and intelligently waived his constitutional rights on the prior occasion. See, State v. Riley, 581 So.2d 1077 (La.App. 5th Cir.1991); State v. Bell, supra. Accordingly, the evidence presented at the multiple offender hearing was sufficient. However, the trial court erred by failing to specify which predicate offense it relied upon in finding the defendant a second felony offender. Therefore, it is the opinion of the Court that this assignment of error is valid and the sentence imposed pursuant to LSA-R.S. 15:529.1 must be vacated and remanded to the trial court for re-sentencing.

ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990); and State v. Godejohn, 425 So.2d 750 (La. 1983).
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant has received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the conclusion of this Court that the defendant's waiver was knowing and voluntary. Furthermore, any error the trial court may have made in failing to rule upon defendant's motion prior to trial was harmless. However, the defendant is correct in his assertion that the predicate offenses in the multiple bill did not "link up" for purposes of LSA-R.S. 15:529.1. Therefore, the sentence imposed by the trial court must be vacated and remanded for resentencing. Finally, there was one error patent in the record which can be corrected by the trial court on remand.
AFFIRMED AND REMANDED FOR RE-SENTENCING.
NOTES
[1] The Windham court stated: "In the absence of a contemporaneous objection at the multiple offender hearing, the defendant otherwise may not complain for the first time on review that the records of his guilty pleas introduced by the state at the multiple offender hearing did not reflect compliance with this court's Boykin rules." State v. Windham, 630 So.2d 688, 688 (La. 1993).