777 So.2d 529 (2000)
STATE of Louisiana
v.
Jerome J. DUPLESSIS.
No. 00-KA-971.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 2000.
*530 Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry M. Boudreaux, Spiro G. Latsis, Donald A. Rowan, Jr., Assistant District Attorneys, Gretna, LA, Counsel for plaintiff-appellee.
Margaret S. Sollars, Appellate Counsel, Thibodaux, LA, Counsel for defendant-appellant.
Court composed of Judges GOTHARD, CHEHARDY and GAUDIN, Pro Tempore.
GAUDIN, Judge, Pro Tempore.
Defendant/appellant Jerome J. Duplessis was convicted of the armed robbery of Shanetta Gaines at a McDonald's fast food restaurant on June 22, 1999. For the following reasons, we affirm the conviction and remand only for reconsideration of the 50-year enhanced sentence.
On the date in question, a customer entered the McDonald's on Loyola Avenue and placed an order with Ms. Gaines. She was the only employee working at the counter and there were no other customers in the restaurant. When she returned with the customer's order, he said that he had a gun in his waistband and demanded the money in the register. Ms. Gaines complied with his demand and gave him approximately $200.00. He then ordered her around the counter and made her walk in front of him and into the bathroom. After a few minutes, Ms. Gaines came out of the bathroom, but the robber had fled. She called the police. When they arrived, she gave an account of events and a description of the robber.
Using a description of the robber, and the license plate number of a vehicle observed at the scene of the crime, the police arrested Duplessis and charged him with armed robbery, a violation of LSA R.S.-14:64.
Duplessis was tried before a jury in the 24th Judicial District Court on December 13-14, 1999 and was found guilty as charged. On February 1, 2000, Duplessis was sentenced as a second felony offender to 50-years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, Duplessis alleges these district court errors:
(1) the trial judge erred by failing to suppress his identification,
(2) the evidence was insufficient to support the conviction,
(3) he was wrongly determined to be a multiple offender, and

*531 (4) the sentence was harsh and excessive.
Although we see no merit in these assignments of error, we did find a flaw in the sentencing procedure, necessitating a remand for possible resentencing.

ASSIGNMENT NO. 1
In this assignment of error, Duplessis alleges that the trial court erred in failing to suppress his identification because the identification procedure was suggestive and because his request for counsel at the lineup was denied.
Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. A trial court's determination of the admissibility of an identification is accorded considerable weight and is not disturbed on appeal unless there was an abuse of discretion.
Following the robbery, Ms. Gaines tentatively identified Duplessis at a photographic lineup; two weeks later, she positively identified Duplessis at a physical lineup. Duplessis was the only person appearing in both lineups.
A defendant who seeks to suppress an identification must prove that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. A photographic lineup is considered suggestive if the photographs display the defendant in such a manner that a witness' attention is unduly focused on the defendant. A lineup is also suggestive if there is not a sufficient resemblance of characteristics and features of the person in the lineup.
The following factors are considered in determining if an identification is reliable:
(1) the opportunity of the witness to view the criminal at the time of the crime,
(2) the witness' degree of attention,
(3) the accuracy of the witness' prior description of the criminal,
(4) the level of certainty demonstrated at the confrontation, and
(5) the length of time between the crime and the confrontation.
Duplessis did not prove that the photographic lineup unduly focused on him or that there were no resembling characteristics between him and the other members of the physical lineup. The state presented sufficient evidence that the lineups were fair and reliable. We do not find that the identification procedure was either suggestive or unconstitutional.
At the physical lineup, Duplessis asked for an attorney but his request was ignored. A criminal defendant's right to counsel does not fully vest until two conditions have been met. The right to counsel attaches only after the commencement of adverse judicial criminal proceedings; and, secondly, the right exists only during pre-trial confrontations that can be considered critical stages during adverse judicial criminal proceedings.
Duplessis' lineup identification took place on July 28, 1999. The Bill of Information was not filed until September 28, 1999 and the first criminal proceeding (arraignment) did not take place until October 1, 1999. Under the Louisiana Supreme Court's analysis in State v. Hattaway, 621 So.2d 796 (La.1993), the right to counsel had not yet attached during the identification because the state's role was one of investigation and not accusation.
In Hattaway, the Supreme Court stated at page 803:
"... the right (to counsel) attaches when the state's role shifts from investigation to accusation, as signaled by the initiation of adverse judicial criminal proceedings."
On July 28, 1999, when the physical lineup was conducted, the police were investigating the June 22, 1999 robbery. No adverse step had been taken against Duplessis. *532 We see no Sixth Amendment violation.

ASSIGNMENT NO. 2
Duplessis contends that there was insufficient evidence to convict him. Ms. Gaines positively identified Duplessis from a physical lineup and at trial as the robber. No doubt the jury believed this testimony. Credibility of witnesses is not reweighed on appeal.

ASSIGNMENT NO. 3
In his third assignment of error, Duplessis alleges that the trial court erred in finding him to be a multiple offender. The state produced fingerprint evidence from a prior arrest register. Duplessis alleges that this is insufficient to prove that he is the same person convicted of the predicate offense.
This Court, however, has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. See State v. Bell, 709 So.2d 921 (La.App. 5 Cir.), writs denied at 721 So.2d 477 (La.1998).

ASSIGNMENT NO. 4
Duplessis' original sentence was 45 years, which was enhanced to 50 years after the trial judge found him to be a second felony offender. Duplessis was sentenced on September 4, 1986 to 20 years for attempted armed robbery and 10 years for attempted manslaughter, to run concurrent. It appears, from the record, that an appropriate cleansing period could be applicable to Duplessis' 50-year sentence.
Accordingly, we remand to the district court only for reconsideration of the enhanced sentence. We do not find the 45-year sentence excessive, even if an applicable cleansing period would cause the enhanced sentenced to be vacated and Duplessis resentenced.
Finally, we note that if the enhanced sentence is set aside, it will be necessary for Duplessis to be resentenced in open court.
CONVICTION AFFIRMED; REMANDED ONLY FOR RECONSIDERATION OF ENHANCED 50-YEAR SENTENCE.