815 So.2d 215 (2002)
STATE of Louisiana
v.
Sean P. KIRSCH.
No. 01-KA-1017.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
*216 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Gregory Kennedy, Assistant District Attorneys, Gretna, LA, for State.
*217 Frederick Kroenke, Baton Rouge, LA, for defendant-appellant.
Court composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
McMANUS, Judge.
In this matter, we vacate the trial court's finding that the Defendant is a second felony offender, and remand the matter to allow the State to re-try the multiple offender charge.

STATEMENT OF THE CASE
Defendant, Sean Kirsch, was charged with six counts of simple burglary by a bill of information on July 22, 1998. He pled guilty to all six counts on May 25, 1999. At that time, the defendant was represented by Indigent Defender Board counsel, Michael Somoza. On June 10, 1999, the defendant file a pro se motion to withdraw his guilty pleas alleging ineffective assistance of counsel. A hearing was held on September 16, 1999, during which the defendant was represented by Mr. Somoza. The trial court denied the defendant's motion to withdraw his guilty pleas. Subsequently, on August 6, 1999, the defendant filed a pro se motion asking the court to appoint new counsel. The defendant also filed a pro se motion for substitution of counsel on August 30, 1999. The trial court did not rule on these motions. The defendant was sentenced on September 27, 1999, without the presence of counsel.
On November 4, 1999, the State filed a multiple offender bill of information alleging the defendant to be a second felony offender. The defendant had a 1992 conviction for possession of stolen property. The defendant had agreed to plea to the multiple bill in his original plea agreement for burglary offenses. But, at the multiple bill arraignment on November 4, 1999, the defendant did not agree to stipulate to the multiple bill and he entered a not guilty plea. Also at this arraignment, the defendant indicated he had fired Mr. Somoza, his counsel, and wished to represent himself. Accordingly, Mr. Somoza orally moved to withdraw from representing the defendant. The trial court granted his motion.
The defendant then filed a pro se response or objection to the multiple offender bill of information denying all allegations. A multiple bill hearing was held on January 6, 2000. The defendant represented himself at this hearing. The trial court ultimately found the defendant to be a second felony offender. The trial court vacated the defendant's original sentence on count 1 and imposed an eight-year sentence to run concurrent with the defendant's other sentences. The defendant filed a Motion to Reconsider sentence which was denied. The defendant did not timely appeal, although he sought and was granted reinstatement of his appeal rights.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends that the trial court erred in allowing him to represent himself in the multiple offender proceedings.
A defendant has the right to counsel at every critical stage of the proceedings against him, including sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); La. Const. art. I, § 13. The Sixth Amendment to the United States Constitution gives a defendant in a criminal prosecution the right to represent himself. However, because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent himself. *218 Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Post, 98-869 (La.App. 5 Cir. 2/10/99), 729 So.2d 38, 41. The choice of self-representation can only be made after the defendant has been made aware of the dangers and disadvantages of self-representation so that the record will establish he made his choice with "eyes wide open." Faretta, supra at 95 S.Ct. 2541. A waiver of counsel, in order that an accused may enter into self-representation, must be clear and unequivocal. State v. Ormond, 00-13 (La.App. 5 Cir. 4/24/01), 786 So.2d 187, 191.
Although no minimum requirements have been established for judging the sufficiency of a waiver of counsel, there must be a reasonable inquiry to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Post, supra. In accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges and of the dangers and disadvantages of self-representation such as failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. State v. Strain, 585 So.2d 540, 542-543 (La.1991). Additionally, the trial court should inquire into the defendant's age, education and mental condition and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. Id. at 542. In order to sufficiently establish on the record that defendant is making an intelligent and knowing waiver, the inquiry should involve more than an interchange of "yes" or "no" responses from the defendant. Id. The failure of the trial court to secure a valid waiver of counsel constitutes reversible error. State v. Price, 96-680 (La.App. 5 Cir. 2/25/97), 690 So.2d 191, 196.
In State v. Drumgole, 31,294 (La.App. 2 Cir. 10/28/98), 721 So.2d 956, 961, the Second Circuit found that defendant's waiver of counsel was invalid where the record did not show he knowingly and intelligently waived his right. In particular, after defendant indicated he wanted to represent himself, the trial court merely advised him it was a "pretty heavy responsibility." The trial court then asked defendant if he felt he was mentally competent to handle his case to which defendant responded affirmatively. The trial court concluded that defendant "apparently" had some knowledge about the law based on the fact defendant had filed several pro se motions. The Second Circuit determined the trial court did not obtain sufficient information in order to properly assess whether defendant's waiver was knowing and intelligent. The Second Circuit noted that the trial court did not inquire about the defendant's understanding of the charges against him and the potential penalties he faced if convicted, or elicit any objective information regarding defendant's age, educational background, his mental competency or the degree of his familiarity with criminal law and procedure.
In this case, the defendant attempted to waive his right to counsel at the arraignment on the multiple offender bill of information. The defendant informed the court that he had fired his attorney, Mr. Somoza, and Mr. Somoza then asked the defendant if he wished to represent himself. The defendant responded "yeah" and Mr. Somoza re-urged a motion to withdraw. The court granted this motion, noting no objections. The court did not ask any questions of the defendant before allowing Mr. Somoza to withdraw. The defendant then pointed out to the court that he had seven pro se motions pending. The trial court set those motions for hearing and arraigned the defendant on the multiple *219 bill and the defendant pled guilty. On the date of the multiple bill hearing, the court asked if the defendant had an attorney. The clerk, assistant district attorney and attorney from the indigent defender board all stated that the defendant represented himself and that the court had ruled previously that he could do so. The multiple bill hearing was then held.
The defendant wished to represent himself and did so at the hearing. However, the issue is whether he knowingly and intelligently waived his right to counsel. The record reflects that the trial court did not explain the nature of the multiple bill proceeding to the defendant or inquire into his understanding of the procedure and ability to represent himself. Further, the trial court did not advise the defendant as to the pitfalls of self-representation. The trial court made no inquiry into the defendant's age, education, mental condition, or understanding of the significance of the waiver of his right to counsel. The defendant's only previous experience was a conviction resulting from a guilty plea while represented by counsel. The court never asked the defendant any direct questions regarding his desire or ability to represent himself.
Therefore, we find that the defendant's waiver of counsel at the multiple bill hearing was not valid and the trial court erred in allowing the defendant to represent himself in the proceedings.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant argues that the trial court erred in imposing a sentence that is unconstitutionally excessive. As discussed above, the multiple bill conviction and sentence is vacated, therefore, it is not necessary to address this assignment of error.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
Three errors patent were discovered. First, the trial court did not properly advise the defendant of the prescriptive period for post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8 by failing to indicate when the period began to run. Second, the trial court failed to impose the defendant's enhanced sentence without the benefit of probation or suspension of sentence pursuant to LSA-R.S. 15:529.1(G), thus the sentence was illegally lenient.
The multiple offender sentence has now been vacated and remanded to the trial court. Therefore, both errors patent are now moot.
For the above reasons, we vacate the finding of the trial court that the defendant is a second felony offender, and remand the matter to allow the State to retry the multiple offender bill.
MULTIPLE OFFENDER FINDING VACATED AND MATTER REMANDED.