I,STEWART, J.
The defendant, Donnie Ray Bryant (“Bryant”), was convicted of obscenity and sentenced to one and one-half years jail time. Bryant appeals citing insufficiency of the evidence. For the reasons that follow, we affirm his conviction and sentence.
FACTS
On February 3, 2004, in a bench trial, Bryant was convicted of obscenity in violation of La. R.S. 14:106 and sentenced to one and one-half years of jail time with credit for time served. Bryant could have been sentenced between six months and three years, with or without hard labor, fined between' $1,000 and $2,500, or both. La. R.S. 14:106(G.)(1). Bryant filed a motion to waive his right to a jury trial on October 8, 2003. The court questioned' him on December 1, 2003, and found that he voluntarily and knowingly waived his right to trial by jury.
No PSI was ordered, but Bryant’s criminal history was discussed in court on December 1, 2003, and revealed convictions for burglary, theft, two counts of simple escape, public drunkenness, and third degree burglary in Alabama for which he was sentenced two years. The earliest conviction dated back to 1973. Criminal history was not referenced at trial or sentencing.
DISCUSSION

Sufficiency of the Evidence

Bryant alleges that the evidence presented was insufficient to sustain a *1203 guilty verdict. To prove the charge of obscenity in the present case, the state had to show that the defendant intentionally exposed “the genitals, [ 2pubic hair, anus, vulva, or female breast nipples in any public place” and in a manner intended to arouse “sexual desire or which appeals to prurient interest or is patently offensive.” La. R.S. 14:106(A.)(1).
Officer Jason Person (“Officer Person”) of the Shreveport Police Department testified that on February 10, 2003, he observed Bryant standing in an open field behind a Fina station at the corner of Youree Drive and Stoner Avenue. Bryant was urinating and his genitals were visible. Officer Person stated that other people were present, there was passing traffic, and a school bus was unloading students at a stop within sight of Bryant. Officer Person then aimed his cruiser’s video camera on Bryant, zoomed in, and then took the defendant into custody. The video tape was not entered into evidence, and the state stipulated that it had been inadvertently erased.
The standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of both elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence is clear that defendant was intentionally exposing his penis in a public place while urinating. Consequently, the issue is whether the defendant’s exposure was patently offensive within the meaning of La. R.S 14:06(A)(1).
The trial court determined Bryant’s urination was “patently offensive for someone in public with all the buildings and whatnot you can stand behind to urinate.” The record reveals that Bryant was standing in an open 1¡¡field behind a gas station during daylight hours in a “heavily traveled area.” Officer Person noted that Bryant was visible to the several people present and to passing traffic. He also testified that a school bus was unloading children within plain sight of the defendant urinating.
Consequently, the evidence, when viewed in a light most favorable to the prosecution, could allow a reasonable fact-trier to find the defendant guilty of intentional exposure of the genitalia in a public place in a manner that was patently offensive.

Error Patent

A review of errors patent revealed that the statutory language of La. R.S. 14:106 which defines the charge of obscenity was misstated in the bill of information as “intentionally expose ... in a public place and a place open to the public view with the intent of arousing sexual desire and which appeals to prurient interest and is patently offensive.”
The correct version of the statute reads, in pertinent part, the crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of abousing sexual desire or which appeals to prurient interest or is patently offensive. La. R.S. 14:106.(A).
Italics added.
The conjunction changes in the bill of information favored the defendant, increasing the state’s burden of proof. The bill was never amended or corrected, orally or in writing.
While there were errors in the statutory language, the correct citation and general charge were noted on the bill of information. Cf. State v. Kendrick, 34,-097 (La.App.2d Cir.12/20/00), 779 So.2d 884 (where bill of information cited wrong sec *1204 tion of the statute). The standard for errors in the bill of information is that an “[ejrror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of the conviction if the error or omission did not mislead the defendant to his prejudice.” La. C. Cr. P. 464. Bryant could have filed a motion for a bill of particulars, then a motion to quash the indictment, and raised the issue on appeal. La. C. Cr. P. arts. 484-85. He did not.
At trial, the correct interpretation of the statute was used instead of the version stated on the bill of information. The state argued the offense was patently offensive. The court only referenced the public urination as being patently offensive when the defendant was sentenced. The conviction was responsive to the' original charge; therefore, the misstatement of statutory language on the bill of informátion amounted to harmless error. Bryant was informed of the crime for which he was charged through the correct charge of “obscenity” and corresponding citation of La. R.S. 106 and the appropriate section. The error is not ground for reversal of the conviction.
CONCLUSION
In sum, the evidence, when viewed in a light most favorable to the prosecution, is sufficient to support the verdict of guilty of obscenity. For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW, and LOLLEY, JJ.
Rehearing denied.