DREW, J.
It Ronald Lee Washington was convicted at jury trial of middle-grade theft of goods valued at least $100.00, but less than $500.00. He was subsequently adjudicated to be a fourth felony offender, and sentenced to life imprisonment at hard labor without benefit of probation, parole,[1] or suspension of sentence. We affirm in all respects.
FACTS
On August 10, 2004, Washington was caught shoplifting at Shreveport’s Foot Action in Mall St. Vincent as he hid behind a rack while concealing two $60.00 jerseys. Mall security, which included an off-duty Shreveport police officer, apprehended the suspect. After being arrested, Washington admitted that he took the jerseys, but argued with the officer that he had committed only a misdemeanor, not a felony, since (he alleged) the jerseys were on sale that day for $45.00 each.[2] The state charged Washington with middle-grade theft of goods under La. R.S. 14:67.10, for which offense a jury found him guilty as charged.
DISCUSSION
I. Sufficiency of the Evidence
Washington argues that the evidence was insufficient to prove he took the items since there was only verbal “evidence.” He also asserts that the evidence was insufficient, since the state produced no photographs of Rthe items he took.
The law on sufficiency is clear.[3]
*560 The trial court stated, in denying defendant’s motion for a new trial, that the evidence was overwhelming. This characterization is correct, as the record reflects that:
• an employee testified seeing Washington leave the store with two $60.00 jerseys without having paid for them;
• another store employee confiscated one of the stolen jerseys after Washington left the store;
• a police officer retrieved the other jersey during a search incident to the arrest of Washington;
| when confronted about this thievery, Washington did not argue with the officer about whether or not he stole the jerseys, but only quibbled as to the correct value of the items ($45.00 each versus $60.00 each); and
• the employee specifically testified that these particular jerseys were new stock and were not on sale.
We agree with the learned trial court— the evidence of guilt is indeed overwhelming.
II. Habitual Offender Adjudication
A. Use of Convictions Obtained on Same Day
Washington argues that the convictions found in Caddo District Court docket numbers 125,895 and 125,895(A) cannot both be used as prior offenses since they were obtained on the same day.
Even if this court were to find that these two convictions should have counted as one, the state still submitted proof of at least seven other felony convictions by which to support the trial court’s finding that Washington is a fourth felony offender. In addition, the trial court made it clear that it counted these two (May 15, 1984) convictions as one conviction for purposes of the adjudication proceeding.
B. Use of Drug Conviction
Washington complains that one of the prior offenses, possession of a Schedule II controlled dangerous substance, is not punishable by imprisonment for 10 years or more and thus could not be used as a predicate by which to adjudicate him as a fourth-felony offender. We disagree, as Washington has inappropriately confused sentencing and adjudication issues.
La. R.S. 15:529.1(A)(1)(c)(i), which provides a sentencing bracket of 20-years to life, does NOT require consideration of the length of sentences relative to underlying convictions on CDS and other matters.
La. R.S. 15:529.1(A)(1)(c)(ii) requires a mandatory life sentence, and is based in part on the length of imprisonment for CDS offenses and other offenses.
The sentence here was imposed under La. R.S. 15:529.1(A)(1)(c)(i), making this assignment irrelevant and inapplicable to these proceedings.
*561 III. Failure to Vacate Original Sentence
A sentence imposed prior to sentencing as a habitual offender shall be vacated if already imposed. La. R.S. 529.1(D)(3). This record shows (and Washington admits in his pro se filing) that no sentence was imposed prior to the habitual offender hearing.
IV. Charging Statutes
Washington argues that it was error for him to be tried under La. R.S. 14:67.10, since this retail-theft statute provided at the time more severe penalties for the theft of $100.00 or more than did the basic theft statute under La. R.S. 14:67. We find that the trial court did not err in denying the motion for post-verdict judgment of acquittal on these specious grounds. Charging discretion rightfully belongs to the prosecutor. See La. C. Cr. P. art. 61.
V. Defective Bill of Information
Washington in his pro se brief presents an argument that the jury did not make a finding that he took goods valued over $100.00 but under 15$500.00.
La. C. Cr. P. art. 464 provides: “The indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.” The bill of information must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the defendant from double jeopardy. State v. Johnson, 02-254 (La.App. 5th Cir.6/26/02), 822 So.2d 840.
Furthermore, the standard for errors in the bill of information is that an “[e]rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.” La. C. Cr. P. 464. See State v. Bryant, 38,950 (La.App.2d Cir.9/22/04), 882 So.2d 1201.
The omission of essential facts from an indictment is not necessarily prejudicial error because such facts can be given through responses in a bill of particulars. State v. Duncan, 94 1563 (La.App. 1st Cir.12/15/95), 667 So.2d 1141.
Since a conviction under La. R.S. 14:67.10 is a graded offense, the value of the goods should have been clearly shown in the indictment. The bill of information correctly cites the statutory provision for theft of goods from a merchant. The record shows that the state fully responded to the requested bill of particulars, and no motion to quash the bill of information IfiWas filed.
In his brief on this assignment, Washington argues that the “verdict does not include whether or not the theft was of value at more or less than $500.00 in order to identify the appropriate sentencing.” The record shows that the jury foreman wrote out the verdict, which found Washington “guilty of theft of goods having a value of more than $100.00 but less than $500.00.” Under these circumstances, Washington was not prejudiced in any way by any deficiency in the bill of information or the jury verdict forms.
VI. Failure to Rule on Motion for Reconsideration
On August 2, 2005, in a well-reasoned decision, the trial court denied Defendant’s pro se motion for reconsideration, which had been filed on July 20, 2005. Defense counsel had previously filed a motion for *562 reconsideration on June 29, 2005, which was not specifically alluded to in the trial court’s ruling. Nonetheless, the trial court went into great detail at sentencing to explain his reasoning for this harsh sentence. The court below also dealt with the excessiveness issue (the basis for defense counsel’s motion for reconsideration) at the latter part of its denial of this relief.
Given the thoroughness given the sentencing decision herein, we do not find that a remand is necessary.
VII. Excessiveness
Washington argues that a life sentence for shoplifting two jerseys, a nonviolent crime, is shocking. He further argues that “heightened scrutiny” is triggered when a defendant faces a mandatory life sentence.
|7In opposition to this claim, the state noted that the trial court ordered a pre-sentence investigation and thoroughly considered Washington’s history.
As a fourth felony offender convicted of theft of goods, Washington faced a sentencing range of 20 years to life under La. R.S. 15:529.1(A)(1)(c)(i). The court below exacted the maximum sentence.
The law on reviewing claims of excessive sentence is clear.[4]
The trial court sagely explained its reasons for imposing this life sentence, stating;
• that because of Washington’s incredible history of convictions “there is an undue risk that if he were to receive any leniency from this Court that he would commit another crime”;
• that Washington’s completion of Byrd High School and a culinary arts program at Avoyelles Technical College indicated this offender had the “ability to be a productive citizen;”[5]
Is* that the PSI showed both juvenile and adult convictions; and
• that Washington had never taken responsibility for his wrongdoing.
A life this dedicated to crime deserves a harsh sentence. The trial court had before it at sentencing a truly stunning quarter century record of criminal convictions accumulated by this defendant. We note the attention to detail evidenced by the *563 trial court’s comments relative to the sentence imposed.
Washington’s life of crime deserves to be published, reflecting at least two dozen convictions from 1977 to 2004. Several other charges were dismissed relative to plea negotiations. Further, consider that much of this time he was incarcerated, unable to prey upon others. His convictions follow (with felonies in all capital letters).

JUVENILE RECORD:

1. FELONY-SIMPLE BURGLARY;
2. Shoplifting;
3. Shoplifting.

ADULT RECORD:

1. Misdemeanor theft;
2. Misdemeanor receiving stolen things;
3. FELONY THEFT;
4. FELONY SIMPLE BURGLARY OF AN INHABITED DWELLING (pleading to one of three counts);
5. Misdemeanor theft (resisting an officer dismissed);
6. FELONY SIMPLE BURGLARY OF INHABITED DWELLING (a crime of violence as per R.S.15:529.1(A)(2)Cj);
7. Misdemeanor Theft;
8. Misdemeanor Theft;
9. Misdemeanor — Misrepresentation during booking;
10. Resisting an Officer;
11. FELONY — SIMPLE BURGLARY;
12. Misdemeanor Misrepresentation during booking;
13. Misdemeanor Simple Theft;
14. Misdemeanor Simple Theft;
15. FELONY — POSSESSION OF COCAINE;
16. FELONY — THEFT;
|917. FELONY — FORGERY;
18. Misdemeanor Theft;
19. FELONY — Theft of goods (drug possession and resisting dismissed);
20. Misdemeanor — Theft;
21. Misdemeanor — Remaining after being forbidden;
22. Misdemeanor — Resisting an officer;
23. FELONY — THEFT; and now
24. The instant FELONY offense of middle-grade theft of good for shoplifting two $60 jerseys, which triggered his habitual offender adjudication as a fourth felony offender, leading to the life sentence we have now reviewed.
Considering the total record of this lifetime thief, which includes a conviction for a crime of violence, we find that the trial court made the right decision in administering this harsh sentence.
DECREE
We affirm the conviction, the adjudication, and the sentence, in all respects.
AFFIRMED.

. R.S.15:529.1(G) mandates that any sentences under that statute shall be without probation or suspension of sentence. All predicates were relative felonies (allowing sentences with or without hard labor), meaning that the prohibition against parole appears to be an illegal sentence. However, La. R.S. 15:574.4(B) states that no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.

. This argument illustrates Washington's expert knowledge of the Louisiana criminal justice system.

. La. C. Cr. P. art. 821 provides that a motion for post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 2002-3090 (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the *560 circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).

. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.

. Trial counsel erred in listing as a mitigating factor this appellant's lack of vocational skills.