STEWART, J.
| jThe defendant, Dustin R. Price, was charged by bill of information with second degree battery. Following a bench trial, the defendant was convicted of simple battery. He was sentenced to serve six months in the parish jail. He now appeals, urging one assignment of error. We affirm.
FACTS
On August 8, 2009, the defendant attacked Ashley Coker while she was seven months pregnant with the defendant’s child. From this incident, Coker sustained a fractured wrist, as well as numerous bruises and abrasions. The defendant conceded that he was intoxicated at the time of the incident.
The defendant was charged by bill of information with second degree battery. The bill of information states that the offense occurred on August 8, 2009.
On February 25, 2010, the defendant waived formal arraignment and entered a plea of not guilty. On October 10, 2011, the defendant filed a motion to quash the bill of information, arguing that he was charged by bill of information on February 25, 2009,[1] and that more than two years had lapsed from the date of the institution of prosecution. However, the defense agreed that the date stamp on the bill is incorrect, since the bill could not have been filed prior to the date that the alleged offense occurred.
The trial court denied the motion to quash, noting that the date on the bill was obviously incorrect. The trial court also stated that the computer printout of when the document was initiated in the district attorney’s office Hwas sufficient proof to justify the fact that the two-year period had not yet expired.
On the same day, the defendant waived his right to a jury trial and a bench trial was conducted. On November 11, 2011, the trial court found that the requirements of the statute for second degree battery were not met, further finding that the defendant was guilty of the responsive verdict of simple battery. On December 6, 2011, the trial court sentenced the defendant to serve six months in the parish jail.
The defendant now appeals, asserting one assignment of error.
LAW AND DISCUSSION
By his sole assignment of error, the defendant argues that the trial court erred in denying his motion to quash. He alleges that the state failed to establish that trial commenced within the two-year prescriptive period, which begins the day the bill of information is filed. More specifically, the defendant claims that the state brought him to trial on October 10, 2011, which is more than two years after February 25, 2009, the date the bill of information was filed.
For noncapital felony cases, the state must commence trial within two years from the date of institution of prosecution. La. C. Cr. P. art. 578(A)(2). The purpose of Art. 578 is to enforce a defendant’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. McDonald, 30,854 (La.App. 2 Cir. 8/19/98), 718 So.2d 542, citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284. “Institution of prosecution” | Smeans the finding of an indictment, or the filing of an information, or affidavit, *70 which is designed to serve as the basis of a trial. La. C. Cr. P. art. 934(7).
Pursuant to La. C. Cr. P. art. 578(B), the offense charged determines the applicable time limitation. In this case, the defendant was charged with second degree battery, which is a felony that is punishable by a fine of not more than $2,000 or imprisonment, with or without hard labor, for not more than five years, or both. La. R.S. 14:34.1. Therefore, the two-year time limitation is applicable.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La. C. Cr. P. art. 532(7). If the motion to quash is not made prior to the trial, the right of dismissal is waived. La. C. Cr. P. art. 581. The responsibility of proving timely prosecution rests with the state. State v. Harris, 29,574 (La.App. 2 Cir. 5/7/97), 694 So.2d 626. When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. State v. Morris, 99-3235 (La.2/18/00), 755 So.2d 205; State v. Tillman, 43,569 (La.App. 2 Cir. 10/22/08, 997 So.2d 144).
Pursuant to La. C. Cr. P. art. 579(A), the period of limitation established by La. C. Cr. P. art. 578 is interrupted when:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
|4(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
Once the cause of interruption no longer exists, the two-year time limit begins anew. La. C. Cr. P. art. 579(B).
A trial court’s ruling on a motion to quash should not be disturbed absent clear abuse of the trial court’s discretion. State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198; State v. Jones, 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61.
In the context of this case, “institution of prosecution” occurred upon the filing of the bill of information. La. C. Cr. art. 934(7). All of the parties agree that the time-stamped date on the bill of information, February 25, 2009, is incorrect since the bill could not have been filed prior to August 8, 2009, which is the date the battery in question occurred. The standard for errors in the bill of information is that an “[ejrror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of the conviction if the error or omission did not mislead the defendant to his prejudice.” La. C. Cr. P. art. 464; State v. Bryant, 38,950 (La.App. 2 Cir. 9/22/04), 882 So.2d 1201. Clearly the erroneous time-stamped date is merely a clerical error, and does not mislead the defendant to his prejudice.
Even though the date on the bill of information is incorrect, the record does provide us with a few pertinent facts. On August 8, 2009, the battery in question occurred. On February 25, 2010, the defendant waived ^arraignment and pled not guilty. On October 10, 2011, the motion to quash was filed. Soon thereafter, the hearing on the motion took place and a bench trial was conducted.
The state introduced into evidence a computer printout of the work documents that were created for this case. Tammy *71 Sue Brown, a criminal secretary at the district attorney’s office, testified that she created the computer file for the bill of information on January 19, 2010, and that the document would have been signed by the district attorney sometime on or after that date. Brown further testified that on February 8, 2010, she created the computer file for the notice letter that was sent to the defendant to inform him of his February 25, 2010, arraignment. Brown noted that the bill of information is usually filed within a month to a couple of weeks prior to the arraignment day. Based on this information, we can ascertain that the bill of information was filed on or after January 19, 2010.
The state provided sufficient evidence to prove that it brought the defendant to trial within two years from the institution of prosecution. Therefore, the trial court did not erroneously find that the evidence sufficiently proved that the two-year period had not expired on October 10, 2011. Further, the trial did not err in denying the defendant’s motion to quash the bill of information. This assignment bears no merit.
ERROR PATENT
Upon review of the record, we find that the trial court did not advise the defendant of time delays to apply for post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which [^requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330(La.9/5/95), 660 So.2d 1189, abrogated on other grounds in State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735; State v. Hunter, 36,692 (La.App. 2 Cir. 12/20/12), 834 So.2d 6. By this opinion, we advise the defendant that no application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction and sentence. Additionally, by this opinion, we notify the defendant that he has two years from the finality of his conviction to apply for post-conviction relief.
AFFIRMED.

. The bill of information included in the record is not dated, nor does it include a time stamped date.