Judgment rendered January 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,169-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DANIEL E. HEDRICK, II                       Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 231,792

Honorable Michael Owens Craig, Judge

* * * * *

ERIC GERARD JOHNSON                          Counsel for Appellant
RACHEL WIGGINS BAYS

JOHN SCHUYLER MARVIN                         Counsel for Appellee
District Attorney

JOHN MICHAEL LAWRENCE
ANDREW C. JACOBS
ALEXANDRA AIELLO
Assistant District Attorneys

* * * * *

Before MOORE, COX, and ROBINSON, JJ.

**ROBINSON, J.**

Having been convicted of possession of pornography involving juveniles and attempted possession of pornography involving juveniles, Daniel Hedrick, II, appeals the denial of his motion in arrest of judgment. We affirm the denial of his motion. Noting on error patent review that Hedrick's sentences are illegally lenient, we vacate his sentences and remand this matter to the trial court for resentencing.

**BACKGROUND**

In October of 2018, the Bossier Parish Sheriff's Office received a complaint that Hedrick had molested his minor stepdaughter as well as two of her minor friends. His stepdaughter's date of birth was March 21, 2001. Hedrick denied the allegations, but admitted that in 2015 he had found a video on his stepdaughter's phone of her masturbating and that he had downloaded the video to his computer before giving copies of the video to his attorney at that time and his counselor. The attorney the video was given to was representing Hedrick in a domestic matter involving an unsuccessful attempt by the stepdaughter's biological father to obtain a protective order.

Hedrick's residence was searched pursuant to a search warrant. Law enforcement officers found the cell phone containing the stepdaughter's video, as well as the computer to which it had been downloaded. In addition, officers recovered a CD containing a video labeled "preteen girl gets fingered." That video was later determined to be child pornography as the young girl shown in it was a known victim in the National Center for Missing and Exploited Children's database.

On June 10, 2019, Hedrick was charged by bill of information with two counts of possession of pornography involving juveniles. Regarding the counts, the bill stated:

> **COUNT ONE:**
> R.S. 14:81.1 POSSESSSION OF PORNOGRAPHY
> INVOLVING JUVENILES, **Daniel E. Hedrick II**, on or about
> **October 24, 2018**, did unlawfully possess pornography
> involving juveniles; and
> **COUNT TWO:**
> R.S. 14:81.1 POSSESSION OF PORNOGRAPHY
> INVOLVING JUVENILES, **Daniel E. Hedrick II**, on or about
> **October 24, 2018**, did unlawfully possess pornography
> involving juveniles.

The language in the counts was identical.

A jury trial was held in March of 2020 with the jury receiving testimony over four days. Hedrick was convicted by a unanimous jury as charged on Count One. He was convicted by a unanimous jury of attempted possession of child pornography involving juveniles on Count Two. The jury found Hedrick not guilty of: (1) first degree rape of his stepdaughter; (2) molestation of a juvenile under 13 involving his stepdaughter; (3) molestation of a juvenile under 13 involving his stepdaughter's friend; (4) molestation of a juvenile involving another friend of his stepdaughter; and (5) indecent behavior with a juvenile under 13 involving his stepdaughter.

On June 22, 2020, Hedrick filed a motion in arrest of judgment. He argued that although the charges referred only to the masturbation video and to the preteen girl video, it was impossible for the jury to discern which count referred to which video. Furthermore, he argued he was prejudiced because he could not determine for purposes of appealing his conviction precisely what he was convicted of possessing and of attempting to possess. He contended there was no identifying information in the bill of information,

2

in anything provided to him through discovery, or in evidence presented at trial concerning what image was the subject of Count One and what image was the subject of Count Two. He further argued that the trial court was required by La. C. Cr. P. art. 859 to arrest the judgment not only because the bill of information was substantially defective in that an essential averment was omitted, but the verdict was not responsive to the information or was otherwise so defective that it will not form the basis of a valid judgment.

The motion was denied. Hedrick was sentenced to 12 years at hard labor on the possession conviction and 6 years at hard labor on the attempted possession conviction. The sentences were ordered to be served concurrently.

## DISCUSSION

La. C. Cr. P art. 859 sets forth the grounds for an arrest of judgment. It states:

> The court shall arrest the judgment only on one or more of the following grounds:
> (1) The indictment is substantially defective, in that an essential averment is omitted;
> . . . .
> (5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment[.]

Hedrick first argues on appeal that the bill of information was substantially defective in that an essential averment was omitted. He maintains that because the bill of information stated only that he possessed pornography involving juveniles on or about October 24, 2018, he did not know what evidence at trial matched with each specific count. He adds that he was prejudiced by the absence of language distinguishing the counts.

3

La. Const. art. I, § 13 states that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. La. C. Cr. P. art 464 requires that the indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.

The bill of information must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the defendant from double jeopardy. *State v. Washington*, 41,182 (La. App. 2 Cir. 09/01/06), 939 So. 2d 557, *writs denied*, 06-2320 (La. 5/18/07), 957 So. 2d 148, and 06-2468 (La. 5/18/07), 957 So. 2d 149.

At the time the search warrant was executed, La. R.S. 14:81.1 stated, in relevant part:

> A. (1) It shall be unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles.
> (2) It shall also be a violation of the provision of this Section for a parent, legal guardian, or custodian of a child to consent to the participation of the child in pornography involving juveniles.

Hedrick emphasizes that the offense of pornography involving juveniles has as its essential elements: (1) an act such as possession, (2) a medium such as a photograph, video, or film, (3) a sexual performance, and (4) that the person depicted in the performance was under the age of 17. He maintains that the only element mentioned in both counts was the act of possession. According to Hedrick, the remaining essential facts underlying

4

the charges were missing, which made the bill of information substantially defective on its face.

The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. *State v. Draughn*, 05-1825 (La. 01/17/07), 950 So. 2d 583. A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. *Id.*

Hedrick concedes that he did not file an application for a bill of particulars, and that he was provided with open-file discovery by the prosecution which included the two videos in question. However, he contends that it was not his duty to inform the State of any deficiencies or errors in the charge, nor should he be forced to eliminate a possible defense.

The bill of information gave Hedrick fair notice of the offenses charged and it set forth identifiable offenses. Furthermore, the decision not to seek a bill of particulars may have been trial strategy by defense counsel. We find no merit to Hedrick's argument.

Hedrick next argues on appeal that the verdict was not responsive to the bill of information and was otherwise so defective that it could not form the basis of a valid judgment. He contends that similar to the bill of information, the verdict forms lacked features to distinguish the counts. According to Hedrick, the verdicts instantly became defective once he was found guilty of possession on one count and guilty of attempted possession on the other count.

Hedrick maintains that under the circumstances of this case, the conviction of attempted possession presupposes a delineation of the counts,

5

yet neither the counts nor the verdicts indicate any delineation between the two videos at issue. He adds that it is pure speculation to attribute either verdict to a specific video, and, thus, he will be prejudiced when challenging his convictions on appeal.

Hedrick's argument on this point is also without merit. Hedrick was well aware of the video evidence following open-file discovery. There is nothing in this record indicating that Hedrick objected to the verdict form as being possibly vague regarding the possession charges or nonresponsive to the bill of information. *See* La. C. Cr. P. art. 841; *State v. McNair*, 597 So. 2d 1096 (La. App. 2 Cir. 1992), *writ denied*, 605 So. 2d 1113 (La. 1992).

***Error patent review***

La. R.S. 14:81.1(E)(1)(a) states, "Whoever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence." Hedrick was not fined, and his sentences were not ordered to be served without benefits.

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *See State v. Williams*, *supra*; *State v. Leday*, 2005-1641 (La. App. 3 Cir. 5/3/06), 930 So. 2d 286.

This Court is not required to correct an illegally lenient sentence. *State v. Dock*, 49,784 (La. App. 2 Cir. 6/3/15), 167 So. 3d 1097.

6

Nevertheless, this Court in its discretion vacates Hedrick's sentences and remands this matter to the trial court to impose legal sentences.

We additionally note that Hedrick was not given sex offender registration and notification instructions as required in La. R.S. 15:543. This error can be corrected upon resentencing.

Finally, we note that under La. C. Cr. P. art. 873, unless waived, sentence shall not be imposed until at least 24 hours after a motion in arrest of judgment is overruled. Hedrick was sentenced on the same date that his motion in arrest of judgment was denied. He did not waive the delay. Nevertheless, this error is rendered moot because the sentences are vacated and the matter remanded for resentencing.

## CONCLUSION

For the foregoing reasons, the trial court properly denied the motion in arrest of judgment. That ruling is affirmed. Hedrick's sentences are vacated and this matter is remanded to the trial court to impose legal sentences and to inform Hedrick of his sex offender registration and notification requirements.

**AFFIRMED, SENTENCES VACATED, AND REMANDED**.