# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-196**

**STATE OF LOUISIANA**

**VERSUS**

**ADRIAN ANTON DORSEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2016-500
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.

**AMENDED AND AFFIRMED AS AMENDED.**

**James R. Lestage**
**District Attorney**
**Richard Alan Morton**
**Assistant District Attorney**
**36th Judicial District Court**
**Post Office Box 99**
**DeRidder, LA   70634-0099**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Adrian Anton Dorsey**

**PERRET, Judge.**

This criminal appeal arises from a June 17, 2021 resentencing hearing, wherein the trial judge sentenced defendant, Adrian Anton Dorsey, to twenty years at hard labor for possession of marijuana, fourth offense, and thirty-two years at hard labor for resisting an officer with force or violence. For the following reasons, we affirm the sentences and order the sentences to run concurrently.

**FACTS AND PROCEDURAL HISTORY:**

In *State v. Dorsey*, 18-250, pp. 1-4 (La.App. 3 Cir. 11/7/18), 260 So.3d 616, 618-19, *rev'd*, 19-349 (La. 6/26/19), 275 So.3d 874, this court set forth the following facts in affirming Defendant's convictions:

> According to testimony presented at trial, at about 3:30 a.m. on June 6, 2016, Sgt. Joshua Stanford, a patrol [sergeant], was in uniform and on duty with the De[R]idder Police Department when he heard a car alarm in the HUD [Department of Housing and Urban Development] housing area about one block from his location. He then headed toward the sounding car alarm in his properly marked patrol unit. Officer Stanford testified that he immediately saw the lights of a vehicle flashing and, as the car alarm continued to go off, he observed a person, later identified as Defendant, standing next to the driver's door of the vehicle with a paper bag and miscellaneous items in his hand, including what was identified as a twenty (20) ounce beer can. As the officer approached the car and Defendant, he turned on his headlights and parked his unit facing the vehicle. Defendant walked away from the vehicle, attempting to hurriedly walk past the police unit. Officer Stanford testified that as he exited his police unit, he asked Defendant to stop, identify himself by name, produce an I.D., and state his reasons for being there, but Defendant avoided the officer, would not respond, and tried to walk away.
>
> Officer Stanford again tried to question Defendant to determine his identity, where he was coming from, what he was doing, and who owned the vehicle. Defendant became very agitated and stated to Officer Stanford that he knew he was "barred from the HUD housing property" and needed to get out of the area. He continually backed away from Officer Stanford and questioned the officer's reasons for stopping him, expressing his belief that Officer Stanford was trying to force him back on the HUD property to arrest him. Officer Stanford testified that he attempted to calm Defendant, but sensing the subject was becoming more agitated and was not going to cooperate, he called

for assistance from Officer Chauncey Rupf, who was also on duty that night.

Once Officer Rupf arrived, Officer Stanford again attempted to lawfully detain Defendant until he could be identified and questioned further as to why he was standing next to a parked car at 3:30 a.m. with the car alarm blaring and a beer and other objects in his hand at the HUD housing project, where he admittedly had been barred. Defendant continued to refuse to produce identification, insisted that he needed to "leave the property," and continued to resist all attempts to detain him. When the officers attempted to escort Defendant to the front of the police unit and temporarily detain him for further questioning, Defendant shoved both officers. Officer Stanford testified that he then distanced himself from the Defendant, who took a fighting stance. When Defendant took an aggressive step forward toward the officers, Officer Stanford tasered him. Defendant ripped the taser probes off and fled towards the HUD housing property.

Officer Stanford gave chase and attempted to detain Defendant for questioning yet again, giving consistent verbal commands to stop. Defendant then continued resisting and pushed the officers as they tried to detain him. Defendant broke from Officer Stanford's grip and again ran from the officers. Upon encountering Officer Rupf, Defendant continued to disobey verbal commands and flee. Officer Rupf then struck Defendant with her taser. Again, Defendant tore the probes off and ran from the officers. When Defendant reached the middle of the street, he fell. The officers attempted to handcuff him, but he continued to resist, hitting the officers with his elbows. Finally, they were able to successfully handcuff him and arrest him for resisting an officer with force or violence in violation of La.R.S. 14:108.2. Defendant was searched by Officer Rupf incident to his arrest, and three packages of synthetic cannabis were found in one of his pockets. When he was subsequently strip searched at the jail, a plastic bag of marijuana was also recovered from Defendant's person.

Following the Defendant's arrest, Officer Stanford testified that he spoke to the owner of the vehicle, Savannah Pickett, who identified Defendant by name and explained that Defendant had her permission to be inside her vehicle. Further, she explained that Defendant was not supposed to be on the HUD housing property, so he was leaving. Officer Stanford testified he reviewed a list of those barred from the HUD housing property and the list included Defendant's name. Defendant was also charged with remaining where forbidden in relation to his being on HUD housing property, but was not prosecuted on that charge.

Defendant was formally charged by bill of information with possession of marijuana, fourth offense, in violation of La.R.S. 40:966, and resisting an officer with force or violence, in violation of La.R.S.

14:108.2. Defendant pled not guilty to the charges and was eventually found guilty on both counts at a jury trial held on June 21, 2017.

Following the jury trial, the State filed a habitual offender bill of information on August 14, 2017. Thereafter, the trial court adjudicated Defendant a fourth felony habitual offender pursuant to La.R.S. 15:529.1 and sentenced him to thirty-two years at hard labor on each count to run concurrently with one another.

In March 2018, the Defendant appealed his convictions and sentences, asserting the following three assignments of error: (1) "[t]he evidence adduced at trial was insufficient to support convictions for resisting an officer by force or violence or possession of marijuana, fourth offense"; (2) "[t]he sentence of thirty-two years for resisting an officer by force or violence is illegal"; and (3) "[t]he sentences of thirty-two years for possession of marijuana, fourth offense, and resisting an officer with force or violence, are constitutionally excessive." *See Dorsey*, 260 So.3d 620. The State asserted one assignment of error: the trial court erred in applying the 2017 amendment to La.R.S. 15:529.1 rather than applying the provision as it existed at the time of the commission of the offenses. On November 7, 2018, this court maintained Defendant's convictions but vacated his habitual offender adjudication and sentences on error patent review following a determination that the trial court did not follow the sentencing delay required by La.Code Crim.P. art. 873.

The Louisiana Supreme Court subsequently granted the State's writ of certiorari and ruled:

The court of appeal erred in finding as an error patent that the district court did not adhere to the 24-hour statutory sentencing delay required by La.C.Cr.P. art. 873. *See State v. Dorsey*, 18-0250 (La.App. 3 Cir. 11/7/18), 260 So.3d 616. Whether the article requires a 24-hour sentencing delay between the denial of post-verdict motions and the commencement of a habitual offender adjudication, whether

3

the article was violated under the circumstances here where the imposition of sentence did not occur until three weeks after the habitual offender adjudication, and whether defendant was prejudiced as a result are complex questions that cannot and should not be resolved in errors patent review. Accordingly, we reverse the court of appeal, reinstate the sentence, and remand to the court of appeal for consideration of the pretermitted claims.

*Dorsey*, 275 So.3d 874.

On remand, this court vacated Defendant's sentences after finding the trial court applied the incorrect version of La.R.S. 15:529.1. *See State v. Dorsey*, 18-250 (La.App. 3 Cir. 9/4/19), 279 So.3d 409. The trial court was ordered to resentence Defendant in accordance with the version of La.R.S. 15:529.1 in effect at the time of the commission of the offenses.

On October 31, 2019, the trial court held a resentencing hearing but continued the matter to allow the State and defense counsel to file memoranda. Defendant thereafter filed a "Motion and Incorporated Memo for Downward Departure from Mandatory Minimum Sentence" to argue that as a "relatively young man [he] still has time to make meaningful contributions to society and alleviate the burden on the overtaxed penal system."[1] The State argued that Defendant should be resentenced to thirty-two years at hard labor without the benefit of probation or suspension of sentence for resisting an officer with force or violence and to the "maximum amount of time at hard labor that is NOT constitutionally excessive . . . not to exceed the original sentence of 32 years" for possession of marijuana, fourth offense.

---

[1]Defendant erroneously stated in his motion that the mandatory minimum sentence for each conviction was life imprisonment. As will be discussed, the resentencing took place after the supreme court decided *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, a case which held the ameliorative changes made by 2017 La. Acts No. 282 must be applied to a certain category of defendants. Defendant falls within that category, and thus, he was given the benefit of 2017 La. Acts No. 282.

At the June 17, 2021 resentencing hearing, defense counsel again argued the trial court should deviate below the mandatory minimum sentences pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993). In its ruling, the trial court found the offense of resisting an officer with force or violence to be a crime of violence pursuant to La.R.S. 14:2(B). Defendant was then resentenced to the minimum of twenty years at hard labor for possession of marijuana, fourth offense, and thirty-two years at hard labor for resisting an officer with force or violence.[2] Defense counsel generally objected to the sentences imposed. Defendant filed a pro se motion to reconsider sentence and supplemental motion to reconsider sentence, both of which were denied by the trial court.

On January 13, 2022, a motion for appeal was filed and subsequently granted by the trial court. Defendant now appeals his habitual offender sentences and asserts two assignments of error: (1) the trial court erred in finding that resisting an officer by force or violence was a crime of violence; and (2) the sentences of twenty years for possession of marijuana, fourth offense, and thirty-two years for resisting an officer with force or violence, are constitutionally excessive.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Following that review, we find one possible error patent regarding whether Defendant's sentences are to be served concurrently

---

[2]As will be discussed, the trial court did not specify on the record whether the sentences were to be served concurrently or consecutively at resentencing. Additionally, La.R.S. 15:529.1(G) states that any habitual offender sentence must be served at hard labor without the benefit of probation or suspension of sentence.

5

or consecutively. Defendant also argues this as an error patent; thus, it will be addressed first.

Defendant asserts that he received an indeterminate sentence due to the trial court's failure to specify whether his sentences are to be served concurrently or consecutively. He prays this court remand the matter for clarification of his sentences, or in the alternative, that this court vacate his sentences and remand the matter for resentencing. In response, the State argues that it is clear from a review of the entire record that the trial court intended the sentences to run concurrently.

The resentencing transcript reveals that the trial court was silent as to whether Defendant's sentences are to be served concurrently or consecutively. Though the court minutes erroneously state that the trial court ordered the sentences to be served concurrently, "it is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

Louisiana Code of Criminal Procedure Article 883 instructs trial courts to specify at sentencing whether a defendant's sentences are to be served concurrently or consecutively. The Official Revision Comment to the article provides, in pertinent part:

> When the court does not expressly direct whether the sentences are to be served concurrently or consecutively, this article provides the rule of construction. If the sentences are for offenses arising out of the same act or transaction or out of interrelated criminal conduct, it is likely that the judge intended concurrent sentences.

In *State v. Thomas*, 39,194 (La.App. 2 Cir. 1/26/05), 892 So.2d 161, *writ denied*, 05-646 (La. 6/3/05), 903 So.2d 455, the defendant was convicted of second degree murder, and attempted second degree murder and the trial court was silent

as to whether the imposed sentences were to run concurrently or consecutively.

The second circuit discussed the issue as follows:

> Finally, Thomas maintains that the trial court failed to specify whether the sentences imposed were to run concurrently or consecutively, but merely stated "[T]he sentence to be imposed is in accord with the laws of the State of Louisiana and consistent with the sentencing guidelines."
>
> On appeal, Thomas argues that since the trial court did not expressly order the sentences to be served consecutively, this court should find that they should run concurrently under the provisions of La. C. Cr. P. art. 883 which provides:
>
>> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
>
> Thomas also argues that since the "trial court did not specifically state any particular reason why the sentences should run consecutively" they should be presumed to run concurrently. *See State v. Matthews,* 544 So.2d 629 (La.App. 3rd Cir.1989 [sic]), *writ denied,* 550 So.2d 647 (La.1989).
>
> The state agrees that it appears the trial court intended for these sentences to run concurrently. The record shows that after the trial court pronounced the lengths and terms of the two sentences, the defense counsel asked, "For verification, are those sentences to run concurrently?" The trial court responded, "[T]hey are in accord with law, whatever the Department of Public Safety and Corrections [*sic*]."
>
> We agree with Thomas on this issue. Since these convictions arise from the same incident and the trial court did not expressly order and give reasons for the sentences to be served consecutively, the Department of Corrections will run these sentences concurrent to one another. While it is not necessary, we will clarify for the record that the sentences are to run concurrently.

*Id.* at 168.

In this case, both offenses Defendant was convicted of were based on the same act or transaction. Therefore, the general rule, as Defendant points out, is that the sentences be served concurrently. Additionally, a review of the entire record also supports the finding that the trial court intended to impose concurrent sentences. At Defendant's original sentencing hearing, the trial court specified the sentences were to be served concurrently: "Those two sentences are running concurrent with each other, meaning at the same time." In a written sentencing ruling issued on October 30, 2017, the trial court again stated the sentences were to run concurrently with one another but consecutively to any other sentences. Accordingly, because the trial court did not explicitly order the sentences be served consecutively and articulated reasons for ordering consecutive sentences, we hereby clarify for the record that the sentences are to run concurrently with one another per the provisions of La.Code Crim.P. art. 883.

**ASSIGNMENT OF ERROR NUMBER ONE:**

In his first assignment of error, Defendant argues the trial court erred in designating his conviction for resisting an officer with force or violence as a crime of violence for sentencing purposes under La.R.S. 14:2(B) and 15:529.1. According to Defendant, the officers' testimony presented at trial does not support the trial court's finding that the offense is a crime of violence. Defendant also asserts the trial court should have considered his actions and reactions in light of the fact that he was tasered multiple times during the altercation. In response, the State argues that resisting an officer with force or violence is, by its very definition, a crime of violence. As to the assertion that being tasered may have affected Defendant's actions, the State points out that Defendant did not make this

argument to the trial court at his resentencing hearing, and therefore, he cannot make this argument for the first time on appeal.

Louisiana Revised Statutes 14:2(B) defines a crime of violence as:

[A]n offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

The statute then sets forth a list of enumerated crimes of violence; however, "this list of enumerated crimes is merely illustrative, not exhaustive, [thus] unlisted offenses may be denominated as crimes of violence under the general definition of the term provided by the statute." *State v. Oliphant*, 12-1176, p. 8 (La. 3/19/13), 113 So.3d 165, 170.

Louisiana Revised Statutes 14:108.2(A) provides, in pertinent part:

Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:

(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.

(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.

(4) Using or threatening force or violence toward a police officer performing any official duty.

A plain reading of the statute makes it clear that resisting an officer with force or violence involves as an element "the use . . . of physical force against the

9

person . . . of another, and that, by its very nature, involves a substantial risk that physical force against the person . . . of another may be used." La.R.S. 14:2(B).

We agree with the State that Defendant's argument regarding the effects of being tasered is not properly before this court since it was not raised in the trial court. As this court's Internal Rule 32 states, "[a]ppellate courts are courts of record and may not review or consider evidence that has not first been properly and officially offered, introduced, and considered in the proceedings below." Additionally, per La.R.S. 14:2(B) and La.R.S. 14:108.2(A), we find the trial court properly designated Defendant's conviction for resisting an officer with force or violence as a crime of violence. As the trial judge stated in his October 23, 2017 written reasons (emphasis added):

> Certainly, taking up a fighting stance with closed fists is threatening force or violence. However, this Court **finds the evidence proved the Defendant used actual force or violence against the officers**.
>
> Defendant's reliance on the possible conflicting testimony of the officers as to whether he was kicking, punching, or elbowing Officer Stanford is misplaced. It is clear both officers testified the Defendant used force or violence against Officer Stanford. Further, Defendant's own statements in his motions, where he described a physical struggle with Officer Stanford, support a finding that he resisted by force or violence.

Again, on June 17, 2021, the trial judge gave the following oral reasons for continuing to designate and classify resisting a police officer with force or violence as a crime of violence pursuant to La.R.S. 14:2:

> In this code, crime of violence means an offense that has as an element the use, attempted use or threatened use of physical force against the person or property o[f] another and that by very nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing an offense or an offense that involves the possession or use of a dangerous weapon.

10

I know Mr. Dorsey has argued all along that there were no serious injuries that resulted to the officers. But the definition of a crime of violence under [La.R.S.] 14:2 does not require that the officer be injured or hospitalized or even seek medical attention. It references threatened use of force or that there even is a substantial risk that physical force may be used in the course of committing the offense. So, clearly it is almost non-sensical to argue from a legal standpoint that resisting a police officer with force or violence by the very title of the offense is not a crime of violence even though I certainly agree that it is not enumerated but the statute is clear again by its own definitional language that this is an illustrative list, not an exhausted enumerated list.

After a review of the trial transcript and record, we find the evidence in this case supports the trial court's finding that Defendant's conviction of resisting a police officer with force or violence was a crime of violence. Accordingly, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendant's second assignment of error asserts that his sentence of twenty years for possession of marijuana, fourth offense and his sentence of thirty-two years for resisting an officer with force or violence are excessive.

*Law in Effect at Resentencing*

Before addressing Defendant's claim that his sentences are constitutionally excessive, we will set forth the applicable statutory and jurisprudential law under which Defendant was resentenced.

As discussed earlier, this court remanded the case for resentencing in accordance with the version of La.R.S. 15:529.1 in effect on the date Defendant committed the offenses in 2016. *Dorsey*, 279 So.3d 409. At the time of the commission of the subject offenses, La.R.S. 15:529.1(A)(4)(a) required that a fourth or subsequent felony offender be sentenced "for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty

11

years and no more than his natural life[.]" Further, La.R.S. 15:529.1(A)(4)(b) provided at that time:

> If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B) . . . or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Therefore, under the provisions of La.R.S. 15:529.1(A)(4)(b) in effect on the date of the commission of the offenses, Defendant was subject to a mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence for his conviction of resisting an officer with force or violence, because his fourth conviction was a crime of violence and two of his prior felonies were violations of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more. For his conviction of possession of marijuana, fourth offense, Defendant was exposed to a sentence of twenty years to life imprisonment.[3] La.R.S. 15:529.1(A)(4)(a).

However, shortly after this court's decision in *Dorsey*, 279 So.3d 409, the supreme court rendered its decision in *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, which addressed the effective date of the 2017 amendments to Louisiana's Habitual Offender Law as well as Subsection K, added by Act 542 of 2018. In *Lyles*, the defendant committed aggravated battery on February 1, 2015. Because the defendant had two prior predicate offenses, a 1991 distribution conviction and a 2004 manslaughter conviction, the State filed a third felony

---

[3]Though it is also a violation of the Uniform Controlled Dangerous Substances Law, a first conviction of possession of marijuana carries a sentence of less than ten years. La.R.S. 40:966. Therefore, La.R.S. 15:529.1(A)(4)(a) would apply to his conviction of possession of marijuana, fourth offense.

habitual offender bill of information on November 16, 2016. The defendant was later adjudicated as a third felony habitual offender on February 13, 2017, and sentenced to life imprisonment in accordance with the 2015 habitual offender provisions. On appeal, the defendant relied on Section 2 of Act 282, which provided that "[t]his Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." The defendant argued that the 2017 amendments should have been applied, because he was subject to a five-year cleansing period.

In addressing Lyles' position, the supreme court considered whether his habitual offender status and sentence were governed by either: (1) La.R.S. 15:529.1 as it existed at the time the offense was committed on February 1, 2015, (2) the amended 2017 La. Acts No. 282, or (3) the amended 2018 La. Acts No. 542. The supreme court noted:

> [T]he relevant portion of Act 282 provides: "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." 2017 La. Acts 282, § 2. By contrast, Act 542 added new Subsection (K) to R.S. 15:529.1:
>
> > K. (1) Except as provided in Paragraph (2) of this Subsection, notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed.
> >
> > (2) The provisions of Subsection C of this Section as amended by Act Nos. 257 and 282 of the 2017 Regular Session of the Legislature, which provides for the amount of time that must elapse between the current and prior offense for the provisions of this Section to apply, shall apply to any bill of information filed pursuant to the provisions of this Section on or after November 1, 2017, accusing the person of a previous conviction.

2018 La. Acts 542, § 1 (effective August 1, 2018).

*Lyles,* 286 So.3d at 410.

The supreme court concluded:

[F]rom the plain language of these provisions in conjunction with the effective dates of the acts, the legislature appears to have created three categories of persons potentially affected by these provisions:

1. There are persons—like the present defendant—whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed before that date. Those defendants would be eligible to receive the benefits of all ameliorative changes made by Act 282.

2. There are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed between that date and August 1, 2018 (the effective date of Act 542). Those persons would be eligible to receive the benefit of the reduced cleansing period, and they may also have colorable claims to the other ameliorative changes provided in Act 282, although we need not decide that question today.

3. Finally, there are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed on or after August 1, 2018. They would receive the reduced cleansing period by operation of Subsection K(2) added by Act 542 but their sentences would be calculated with references to the penalties in effect of the date of commission in accordance with Subsection K(2) added by Act 542.

*Id.*

In the present case, Defendant falls within the first category, because his convictions became final after November 1, 2017, and his habitual offender bill was filed prior to that date.[4] Therefore, Defendant was given the benefit of all the ameliorative changes made by 2017 La. Acts No. 282 at resentencing.

We will now address Defendant's claims that his sentences are excessive.

---

[4]As stated earlier, Defendant's habitual offender bill of information was filed on August 14, 2017. His convictions became final in 2019 when the supreme court granted the State's writ and reinstated Defendant's sentences only. *Dorsey*, 275 So.3d 874; *see* La.Code Crim.P. art. 922.

*Possession of Marijuana, Fourth Offense*

For his conviction of possession of marijuana, fourth offense, the trial court sentenced Defendant to twenty years pursuant to La.R.S. 15:529.1(A)(4)(b) after finding that none of his prior convictions were crimes of violence or sex offenses. That article provides:

> (b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

La.R.S. 15:529.1(A)(4)(b).

Because twice the possible sentence for a first conviction of possession of marijuana was less than twenty years, the mandatory sentence was twenty years.[5] *See* La.R.S. 40:966. Thus, it must be determined whether Defendant has proven that he is entitled to a downward departure from the mandatory sentence required by the Habitual Offender law. *See Dorthey*, 623 So.2d 1276.

At a resentencing hearing held on October 31, 2019, defense counsel presented argument for the imposition of a sentence below the mandatory minimum based on society's decriminalization of marijuana, Defendant's young age, the lack of violent crimes in his criminal history, and his history of substance abuse. According to defense counsel, Defendant was a drug addict who, once he was rehabilitated, could make meaningful contributions to society. The State

---

[5]Defendant asserts in his appellate brief that the trial court failed to comply with La.Code Crim.P. art. 894.1 in sentencing him to twenty years for possession of marijuana, fourth offense. However, there is no need for the trial court to justify a mandatory sentence since the trial court has no sentencing discretion. *See State v. Meadows*, 53,329 (La.App. 2 Cir. 3/4/20), 293 So.3d 681. However, we will address the trial court's compliance with La.Code Crim.P. art. 894.1 as it relates to his conviction of resisting an officer with force or violence below, since the trial court exercised discretion in sentencing Defendant.

objected to any deviation below the minimum sentence based on Defendant's extensive criminal history. The trial court took the matter under advisement and continued Defendant's resentencing until a later date.

At resentencing on June 17, 2021, the trial court discussed the alleged exceptional circumstances previously presented by Defendant in determining whether a downward departure was warranted. The trial court considered Defendant's record of non-violent offenses but noted this alone is not sufficient to declare the sentence excessive as the Habitual Offender Law already takes violence into account, and the trial court reiterated that the goals of the statute are to punish and deter recidivism. Finally, the trial court stated that the sentence did not constitute a needless infliction of pain and suffering on Defendant. Based on these reasons, the trial court indicated that it did not feel it was appropriate to deviate below the minimum statutory requirement. However, the trial court reduced Defendant's sentence from the thirty-two years imposed at his original sentencing to the minimum twenty years imposed at resentencing after a discussion regarding Judge Cooks' concurrence in *Dorsey*, 279 So.3d 409, where she found Defendant's sentence of thirty-two years to be constitutionally excessive:

> If, in This Case When Defendant Is Ultimately Sentenced, the Trial Judge Were To Find That the Punishment Mandated By R.S. 15:529.1 Makes No "Measurable Contribution To Acceptable Goals of Punishment" or That the Sentence Amounted To Nothing More Than "the Purposeful Imposition of Pain and Suffering" and Is "Grossly Out of Proportion To the Severity of the Crime[,"] **He Has the Option, _Indeed the Duty_, To Reduce Such Sentence To One That Would Not Be Constitutionally Excessive.**

> *State v. Mosby*, 14-2704 (La. 11/20/15), 180 So. 3d 1274, citing *State v. Dorthey*, 623 So.2d 1276 (La. 1993).

> In my view, life imprisonment for possession of marijuana is constitutionally excessive and constitutes cruel and unusual punishment. Many states have decriminalized marijuana even for

16

recreational use. Additionally, the U.S. Department of Justice and the State of Louisiana have embarked on initiatives to significantly reduce prison time for drug related offenses. To blindly apply this outdated version of the La.R.S. 15:529[.1] to imprison an addict for life would be a grave miscarriage of justice and would indeed make "no measurable contribution to acceptable goals of punishment." *Supra.* In my view, the imposition of a thirty-two-year sentence on a drug addict for possession of marijuana, fourth offense, is also excessive and constitutionally unsound. Despite the mandatory language of the habitual offender statutes our courts must always be aware that the function of the courts in imposing sentence is always to assure that the length of the sentence is appropriate to the severity of the crime. Legislation does not usurp this judicial function.

*Dorsey*, 279 So.3d at 413-14 (Cooks, J., concurring). We will now turn to the jurisprudence which discusses a defendant's burden of proving his entitlement to a deviation below the mandatory minimum and the standard of reviewing this claim on appeal.

In *State v. Williams*, 16-140 (La.App. 3 Cir. 9/28/16), 201 So.3d 379, the defendant was sentenced to the mandatory minimum sentence of twenty years for possession with intent to distribute a Schedule II controlled dangerous substance as a third felony habitual offender. In finding his sentence was not excessive, this court stated:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard*, 414 So.2d 1210 (La.1982).

*State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924.

> A trial court must look at the particular circumstances of the case and the defendant's background in order to impose a sentence that is suited for him. On review, the issue is not whether another sentence would have been more appropriate; rather, it is whether the trial court abused its discretion.

*State v. Beverly*, 03-1348, p. 2 (La.App. 3 Cir. 3/3/04), 867 So.2d 107, 110 (footnotes omitted).

> Mandatory minimum sentences imposed on multiple offenders under the Habitual Offender Law are presumed to be constitutional, and a defendant bears the burden of rebutting that presumption. *State v. Ladd*, 13-1663, p. 3 (La.App. 4 Cir. 7/2/14), 146 So.3d 642, 644, *vacated and remanded on other grounds*, 14-1611 (La. 3/27/15), 164 So.3d 184, (citing *State v. Johnson*, 97-1906, pp. 5-6 (La. 3/4/98), 709 So.2d 672, 675, and *State v. Short*, 96-2780, p. 8 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, 27). To rebut the presumption that a mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show that:

> > [he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

> > *Id.* (quoting *State v. Lindsey*, 99-3302, p. 5 (La. 10/17/00), 770 So.2d 339, 343).

> "[D]epartures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." *Lindsey*, p. 5, 770 So.2d at 343 (quoting *Johnson*, 97-1906, p. 8, 709 So.2d at 677).

*State v. Hall*, 14-1046, p. 15 (La.App. 4 Cir. 5/13/15), 172 So.3d 61, 70.

In brief, Defendant's total argument consists of an assertion that his twenty year sentence and his five year sentence are "constitutionally excessive as they make no contribution to acceptable goals of punishment and are nothing more than the purposeless imposition of pain and suffering and are grossly out of proportion to the severity of the crime." Defendant does not explain how the mandatory sentence is excessive in his case or in what way he is exceptional or a victim of the legislature's failure to assign a sentence

that is meaningful to his circumstance.  Thus, Defendant has failed to meet his burden of proof.  There is no merit to this assignment of error.

*Id.* at 394-95.

Likewise, in *State v. Fleming*, 04-1218, pp. 10-12 (La.App. 5 Cir. 4/26/05), 902 So.2d 451, 459-60, *writ denied*, 05-1715 (La. 2/10/06), 924 So.2d 161 (footnote omitted) (emphasis added), the court stated:

> There must be substantial evidence to rebut the constitutionality presumption.  "The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." *State v. Bell*, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927, *writ denied*, 98-0792 (La.9/16/98), 721 So.2d 477.  It has been strongly emphasized by the Louisiana Supreme Court that downward departures from a mandatory minimum sentence should occur in rare situations.  *State v. Lindsey*, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, 343, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001).  The Legislature maintains the sole authority to define criminal conduct and provide penalties for that conduct.  *State v. Johnson*, 709 So.2d at 675 (citations omitted).  "[I]t is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary." *Although courts have the power to declare these sentences excessive, this should only be done when the court is clearly and firmly convinced that the minimum sentence is excessive. Id.* at 676.  A trial judge cannot rely solely upon the non-violent nature of the present crime or of previous crimes to justify the rebuttal of the constitutionality presumption.  *Id.*  As stated in *Johnson*,
>
> > Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state.  He is subjected to a longer sentence because he continues to break the law.
>
> *Id.* at 677.
>
> Defendant was sentenced to the mandatory minimum of twenty years without the benefit of parole, probation, or suspension of sentence after being adjudged a fourth felony offender.  Defendant's predicate convictions were for robbery, felon in possession of a firearm, and burglary.
>
> . . . .

> *In light of defendant's extensive criminal history, we find that the trial court did not abuse its discretion in sentencing defendant.* The defendant did not offer sufficient evidence to rebut the presumption that his enhanced sentence was constitutional and not excessive. The defendant argues that a twenty-year sentence for possessing a glass tube containing cocaine residue is excessive since he is accused of only smoking from the glass tube, not beating or stabbing someone with it. He further argues that such a sentence for such a small amount of cocaine is a needless imposition of pain and suffering. In *State v. Johnson*, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 653, this Court, relying on *State v. Robinson*, [846 So.2d 76 (La.App. 5th Cir. 2003)], concluded that defendant had not made *a showing of exceptional circumstances to justify a downward departure* from the minimum sentence mandated by the Habitual Offender Statute when the defendant sought a downward departure on the grounds that the amount of narcotics (.01 grams) was small.
>
> This Court has found that a twenty-year sentence for a defendant convicted of possession of cocaine and subsequently adjudicated a fourth felony offender is not excessive. *See, State v. Bailey*, [875 So.2d 949 (La.App. 5th Cir. 2004)]. In this case, defendant has failed to prove that a downward deviation from the mandatory minimum sentence is warranted. Accordingly, we find that the enhanced sentence imposed is not excessive.

In summary, there is a presumption that the mandatory minimum sentence is constitutional, and a defendant is required to rebut that presumption by making a showing of exceptional circumstances to justify a deviation below the minimum. A defendant must prove by clear and convincing evidence that the mandatory minimum sentence is excessive in his case. A sentence imposed within the statutory limits will not be deemed excessive in the absence of an abuse of discretion by the trial court.

After a review of the record, we find that Defendant has not met his burden of proving by clear and convincing evidence that he is exceptional or "a victim of the legislature's failure to assign a sentence meaningful to his circumstance" to justify a downward departure from the minimum sentence mandated by the Habitual Offender Statute. *Williams*, 201 So.3d at 395.

*Resisting an Officer with Force or Violence*

Finally, Defendant asserts that his sentence for resisting an officer with force or violence is excessive, because the trial court's compliance with La.Code Crim.P. art. 894.1 was inadequate to support his sentence. Defendant argues the trial court lacked sufficient information to properly consider all the factors under La.Code Crim.P. art. 894.1, since the trial court did not order a presentence investigation (PSI). Specifically, Defendant argues the trial court did not consider factors such as his employment; mental, emotional, and physical health; and his family stability.

As a fourth or subsequent offender, Defendant faced a sentence of "a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]" La.R.S. 15:529.1(A)(4)(a). Therefore, Defendant's thirty-two year sentence for this conviction was imposed within the statutory limits of La.R.S. 15:529.1(A)(4)(a). We will now discuss whether the record reflects that the trial court adequately considered the sentencing guidelines in particularizing the sentence to Defendant.

Louisiana Code of Criminal Procedure Article 894.1(C) requires the trial court to "state for the record the considerations [of La.Code Crim.P. art. 894.1(B)] taken into account and the factual basis therefor in imposing sentence." Nevertheless, "[w]here the record clearly shows an adequate factual basis for the sentence imposed[, the supreme] court has held that remand is unnecessary, even where there has not been full compliance with Article 894.1." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982) (citing *State v. Boatright,* 406 So.2d 163 (La.1981); *State v. McDonald,* 404 So.2d 889 (La.1981); *State v. Martin,* 400 So.2d 1063 (La.1981); and *State v. Douglas,* 389 So.2d 1263 (La.1980)). *See also State v. Parker*, 49,009, p. 21 (La.App. 2 Cir. 5/15/14), 141 So.3d 839, 852 ("the failure to

21

state the factual basis for a sentence is not grounds for reversal where the basis is apparent from the record.").

> Furthermore, due to the trial judge's unique position of reviewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.

*State v. Maxie*, 438 So.2d 1199, 1201 (La.App. 3 Cir. 1983), *writ denied,* 443 So.2d 1118 (La.1984).

Defendant's primary argument is that the trial court could not consider all the factors under La.Code Crim.P. art. 894.1, because the trial court did not order a PSI. However, the trial court is not required to order a PSI before imposing a sentence. Louisiana Code of Criminal Procedure Article 875(A)(1) provides, in pertinent part, "the court may order . . . a presentence investigation." The use of the word "may" demonstrates that ordering a PSI is discretionary, not mandatory. In *State v. Bell*, 377 So.2d 275, 281 (La.1979), the supreme court held that "[t]here is no mandate . . . that a presentence investigation be ordered[,]" and that "[s]uch an investigation is an aid to the court and not a right of the accused." *See also State v. Wimberly,* 414 So.2d 666 (La.1982).

As discussed, the trial court found resisting an officer with force or violence to be a crime of violence because it involved the threat or use of actual violence. The trial court then stated:

> First of all, I do want -- I think there is a written copy of it in the record, if not, I'll file another copy into the record, but the Court did issue extensive written sentencing ruling on October [30], 2017 in this matter discussing how I arrived at the 32-year sentence, why I felt it was a crime of violence for resisting an officer with force or violence under the law, and I would simply start out by reiterating the reasons in that including the extensive criminal history of Mr. Dorsey, both as a juvenile and as an adult, and would again reiterate as I did on that occasion, although it is not part of the habitual offender

proceedings because it was a juvenile matter, one of the juvenile convictions was a crime of violence for Mr. Dorsey in this matter. And the other drug convictions of Mr. Dorsey in this matter are very serious distribution charges and although not technically a crime of violence under [La.Code Crim.P. art.] 14:2[(B)], they are very serious charges and convictions under the law . . . because they are considered extremely serious and harmful to society.

In the October 30, 2017 written sentencing ruling, the trial court examined factors such as Defendant's age, his life expectancy, and his lengthy criminal record by noting his various juvenile arrests and convictions and listing his eleven adult convictions. The trial court noted that for purposes of sentencing a defendant under the Habitual Offender Law, the severity of the current conviction is irrelevant, because the purpose of the law is to deter recidivism. The trial court relied on *State v. Washington*, 41,182 (La.App. 2 Cir. 9/1/06), 939 So.2d 557, *writ denied*, 06-2320 (La. 5/18/07), 957 So.2d 148, *and writ denied*, 06-2468 (La. 5/18/07), 957 So.2d 149, a case where the second circuit upheld the maximum sentence of life imprisonment for a fourth felony habitual offender whose fourth conviction was for theft of goods based on the defendant's extensive criminal history. We note that Defendant's thirty-two year sentence is well short of the life sentence he could have received under La.R.S. 15:529.1(A)(4)(a).

Based on the foregoing reasons, we find the trial court adequately complied with La.Code Crim.P. art. 894.1 in sentencing Defendant to thirty-two years for resisting an officer with force or violence as an habitual offender, and the sentence does not shock the sense of justice. Accordingly, we find Defendant's sentences are not excessive and this assignment of error lacks merit.

**DECEE:**

For the reasons set forth herein, we affirm Defendant's habitual offender sentences. Further, for clarification, we amend the sentences and order that they be served concurrently.

**AMENDED AND AFFIRMED AS AMENDED.**